618 So.2d 202 (1993)
THE FLORIDA BAR, Complainant,
v.
Frank SCHAUB, Respondent.
No. 79759.
Supreme Court of Florida.
May 13, 1993.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel, Tampa, for complainant.
Frank Schaub, pro se.
*203 PER CURIAM.
The Florida Bar seeks review of the referee's findings and recommended discipline in this matter. We have jurisdiction under article V, section 15 of the Florida Constitution.
The Florida Bar filed a complaint alleging Frank Schaub violated the following Rules of Professional Conduct:
Rule 4-3.1: a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of the existing law;
Rule 4-3.3(a)(1): knowingly making a false statement of material fact or law to a tribunal;
Rule 4-3.3(a)(2): knowingly failing to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;
Rule 4-3.3(a)(4): if a lawyer has offered material evidence and thereafter comes to know of its falsity, the lawyer shall take reasonable remedial measures;
Rule 4-3.4(e): a lawyer shall not in trial allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, or the guilt or innocence of an accused;
Rule 4-4.4: in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such person; and
Rule 4-8.4(c): conduct involving dishonesty, fraud, deceit, or misrepresentation.
These allegations stem from this Court's reversal of the judgment of guilt in State v. Nowitzke, 572 So.2d 1346 (Fla. 1990). Schaub, serving as State Attorney for the Twelfth Judicial Circuit, personally prosecuted Nowitzke for two counts of first-degree murder and one count of attempted first-degree murder. Despite a defense of insanity, Nowitzke was found guilty on all counts and sentenced to death. This Court held that Nowitzke was denied a fair trial due to Schaub's prosecutorial misconduct which led to the admission of irrelevant and deliberately misleading evidence.
Based upon matters occurring at the trial, the referee made the following findings:
1. During cross-examination, Schaub improperly elicited irrelevant testimony from the defense's expert psychiatrist, Dr. Tanay, that a non-testifying expert had classified him as a "hired gun." Later, in summation to the jury, Schaub again referred to Tanay as a "hired gun."
2. Schaub accused Dr. Tanay of charging $600 per hour for his deposition testimony. Yet, Schaub had a copy of the itemized bill showing Tanay charged $150 per hour.
3. Throughout his cross-examination, Schaub insulted Dr. Tanay, ignored the trial court's rulings on defense objections, and inserted his personal opinions on psychiatry and the insanity defense into his questioning.
4. During cross-examination of another defense expert, Dr. Vaughn, Schaub improperly elicited testimony concerning the average time of confinement for someone committed to a hospital as criminally insane. Schaub admitted knowing this line of questioning was improper under Florida law.
5. Schaub improperly offered testimony of police detective Hackle to show the propensity of drug addicts to steal from their families to support their habits and to commit homicides in connection with narcotics dealings.
6. In rebuttal, Schaub presented testimony of a neurosurgeon, Dr. Padar, that Nowitzke had no organic brain damage despite the fact that this issue was never raised by the defense.
7. Schaub further solicited Dr. Padar's opinion that he found no evidence that *204 Nowitzke was insane during commission of the crimes even though the doctor admitted that he was unfamiliar with the definition of insanity under Florida law. During summation, Schaub compounded this error by pointing out that Dr. Padar was "the only genuine scientist" to testify and that he had found Nowitzke to be sane.
The referee recommended that Schaub be found guilty of all of the Bar allegations, except rule 4-3.3(a)(2). The referee also found Schaub violated the Oath of Attorney by arguing matters "not fairly debatable under the law of the land" and sought to "mislead the judge and jury by artifice of law and fact." The Bar urged the referee to recommend a thirty-day suspension. However, the referee recommended that Schaub receive a public reprimand and be required to appear in person to receive the Court's admonishment.
Relying upon the Florida Standards for Imposing Lawyer Sanctions, The Florida Bar argues that a thirty-day suspension would be the appropriate discipline for Schaub.[1] The Bar further asserts that the applicable aggravating factors reinforce an imposition of suspension.[2] According to the Bar, Schaub's refusal to acknowledge the wrongful nature of his conduct and his substantial experience in the practice of law far outweigh the lack of prior discipline. In order to deter future prosecutorial misconduct, the Bar urges reversal of the referee's recommended public reprimand of Schaub.[3]
Prosecutorial misconduct of this nature seriously violates the Rules of Professional Conduct, demanding the strictest attention of The Florida Bar. The prosecutor's duty to search for the truth is completely abandoned when he or she engages in conduct designed to delude the fact-finder. The prosecutor's primary responsibility is to see that justice is done, not to win at all costs. Schaub's conduct demonstrates a complete lack of regard for the role of prosecutor.
We understand the referee's belief that requiring Schaub personally to receive a public reprimand would constitute a more meaningful discipline to him than a suspension. However, it is important that the integrity of the Florida Standards for Imposing Lawyer Sanctions be maintained. As a consequence, we approve the referee's finding of guilt, but we choose to impose a thirty-day suspension.
Accordingly, Frank Schaub is hereby suspended from the practice of law for a period of thirty days. The suspension will be effective thirty days from the filing of this opinion so that Schaub can close out his practice and protect the interests of existing clients. If Schaub notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Schaub shall accept no new business from the date this opinion is filed.
Costs in the amount of $1,176.80 are hereby assessed against Schaub, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] See Florida Standards For Imposing Lawyer Sanctions 5.22, 6.12, 6.22, and 7.2 (1987).
[2] See Florida Standard For Imposing Lawyer Sanctions 9.22(g) and 9.22(i).
[3] Schaub did not file a response to the initial brief of The Florida Bar in this matter.