666 So.2d 580 (1996)
Ruth HAGAN, Appellant,
v.
SUN BANK OF MID-FLORIDA, N.A., Appellee.
No. 94-03803.
District Court of Appeal of Florida, Second District.
January 19, 1996.
*582 Lawrence J. Robinson, of Robinson & Robinson, Sarasota, for appellant.
Elinor E. Erben, of Brown, Clark & Walters, and Gregory W. Hootman, of Gregory W. Hootman, P.A., Sarasota, for appellee.
ALTENBERND, Judge.
Ruth Hagan appeals an order granting a new trial in her personal injury action against Sun Bank of Mid-Florida, N.A. (Sun Bank). Following a favorable jury verdict for Ms. Hagan, the trial court granted Sun Bank's motion for new trial because it concluded that Ms. Hagan's attorney's closing argument, "in its totality," was so "inflammatory and prejudicial as to preclude the jury's *583 rational consideration of the case." The trial court did not identify the objectionable arguments. We have reviewed the entire closing argument and have found no preserved or fundamental error warranting a new trial. Wasden v. Seaboard Coast Line R.R., 474 So.2d 825 (Fla. 2d DCA 1985), review denied, 484 So.2d 9 (Fla. 1986). Accordingly, we reverse and remand for entry of judgment on the jury's verdict.

I. THE FACTS
At the time of this accident, Ms. Hagan, a widow in her late sixties, lived in Arcadia, Florida. She suffered from congenital talipes, i.e., club foot. She did not drive a car, but she was able to walk wherever she needed to go. On July 31, 1992, she tripped and fell on an uneven crack in the sidewalk in front of the Sun Bank. The bank had examined the crack earlier in 1992 and had decided that it was not sufficiently displaced to warrant repair.
As a result of her fall, Ms. Hagan broke her hip and is now permanently disabled. She must use either a walker or a wheelchair. She presented evidence of $18,239.38 in past medical bills and an estimate that nursing home care would cost up to $3,000.00 per month for the rest of her 15- to 18-year life expectancy.
During the plaintiff's closing argument, defense counsel made eight objections, seven of which were sustained. Five of the sustained objections related to several remarks that Sun Bank now claims were prejudicial. On appeal, Sun Bank also points out other comments by Ms. Hagan's counsel to which it did not object or otherwise bring to the trial court's attention during the trial. Sun Bank's attorney did not request a mistrial during the argument, at the close of the arguments, or prior to deliberations.
Following closing arguments, the jury returned a verdict in favor of Ms. Hagan. The jury determined that she was not comparatively negligent and awarded damages totalling $563,239.38. It awarded the precise amount Ms. Hagan requested for past medical bills, reduced future damages over a fifteen-year period, and filled out the complex interrogatory verdict form in a facially correct manner.
Only after the jury returned its verdict for Ms. Hagan did Sun Bank's counsel move for a new trial, claiming that the closing argument had been prejudicial. The trial court's order granting this motion recited the applicable legal conclusion for fundamental error in a closing argument, but did not refer to the portions of the record supporting that conclusion. This presents Sun Bank with a disadvantage on appeal because this court in Wasden stated that a trial court's order should identify both the improper arguments of counsel and the actions of the jury resulting from those arguments. 474 So.2d at 830.

II. FUNDAMENTAL ERROR IN CLOSING ARGUMENT: POSSIBLE SOURCES OF CONFUSION
Judge Campbell astutely observed in Wasden: "In reviewing this case, we have about come full circle in regard to our standard of review. In doing so, the rules become intertwined and entangled." Id. Since Wasden, this court has permitted new trials based on fundamental error in closing arguments in only exceptional cases. A review of the precedent from other districts suggests that the same rules are being applied in other districts to compel a greater number of new trials on unpreserved error. See Martino v. Metropolitan Dade County, 655 So.2d 151 (Fla. 3d DCA 1995); Sacred Heart Hosp. of Pensacola v. Stone, 650 So.2d 676 (Fla. 1st DCA), review denied, 659 So.2d 1089 (Fla. 1995). Confusion, if not conflict, exists concerning the tests that trial courts should apply in granting or denying a new trial based on preserved or fundamental error in closing argument and the standards of review that appellate courts should apply when a trial court's decision is appealed.
The confusion seems to arise from four sources. First, the case law tends to intermingle the tests applied by the trial court in granting or denying a motion for new trial with the standards of review applied by the appellate court. Because these tests are similar, it is important to distinguish carefully between the two concepts.
*584 Second, the case law tends to discuss the rules relating to new trial because of fundamental error in closing argument without considering the rules governing preserved error in closing argument. As a result, rules that should be substantially different tend to blur together.
Third, there is a temptation for both trial courts and appellate courts to use the remedy of new trial as a tool to punish misconduct of an attorney, as an officer of the court, without disclosing whether the misconduct resulted in harmful error.[1] We recognize that trial judges have a responsibility to assure that officers of the court comply with certain minimum professional standards. But if the trial court employs the remedy of new trial merely to enforce the lawyer's professional standards, the parties lose the verdict of their chosen jury. This court does not treat an error in a closing argument as a structural or per se error. Whatever the appropriate test in the trial court or standard of review in the appellate court, the movant must establish that the closing argument was harmful before either court can override the jury and grant a new trial. § 59.041 Fla. Stat. (1993). Trial judges have other available measures to ensure that attorneys comply with their professional responsibilities.
Fourth, the confusion stems in part from a failure to accept the narrowness of fundamental error. If a trial court grants a motion for new trial on the basis of unpreserved error, then such error must be "fundamental," that is, it must go to the "foundation of the case" or to the "merits of the cause of action," or "extinguish a party's right to a fair trial." Wasden, 474 So.2d at 831; Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983). See also Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970) (cautioning courts to use this difficult doctrine "very guardedly"). It is not accurate to state that a party has a "right" to a posttrial remedy in a civil case for fundamental error. Although fundamental error is extraordinarily difficult to define, the doctrine functions to preserve the public's confidence in the judicial system. Relief is granted for a fundamental error not because the party has preserved a right to relief from a harmful error, but because the public's confidence in our system of justice would be seriously weakened if the courts failed to give relief as a matter of grace for certain, very limited and serious mistakes.

III. THE TRIAL COURT'S DECISION TO GRANT A NEW TRIAL BECAUSE OF AN ERROR IN CLOSING ARGUMENT
When a party files a motion for new trial pursuant to Florida Rule of Civil Procedure 1.530, the trial judge is asked to veto a unanimous jury verdict. The grounds for a new trial are limitless and frequently depend upon factors that may not be obvious in an appellate record. Accordingly, the trial judge is usually given discretion in this field. The specific factors to employ in making this discretionary decision are not always well explained in the case law. Ultimately, the party moving for new trial must convince the trial judge that it is "reasonably clear that substantial rights have been violated to the extent that a fair trial was not had." North Dade Imported Motors v. Brundage Motors, 221 So.2d 170, 176 (Fla. 1st DCA 1969).

*585 A. Improper Remarks of Counsel as a Basis for New Trial When the Error is Preserved.

To preserve an opponent's improper comment for review, an objection must be raised when the remark is made. If the objection is sustained, then a motion for mistrial must also be made before the jury retires to deliberate. Failure to both object and then make a motion for mistrial waives the issue for appellate review. Wasden, 474 So.2d 825; Eichelkraut v. Kash N' Karry Food Stores, 644 So.2d 90 (Fla. 2d DCA 1994). While this rule may occasionally seem harsh, it exists because both the trial judge and the appellate court find it difficult, if not impossible, to determine whether the failure to move for a mistrial in a timely manner was a tactical decision or an oversight. See, e.g., Nelson v. Reliance Ins. Co., 368 So.2d 361, 362 (Fla. 4th DCA 1978) (trial tactics in closing argument cannot be corrected simply because they backfire).
If the issue has been properly preserved, the legal standard for trial courts to use in deciding motions for new trial based upon counsel's improper argument is whether the comment was highly prejudicial and inflammatory. "Counsel are accorded a wide latitude in making arguments to the jury, and unless their remarks are highly prejudicial and inflammatory, counsel's statements made to the jury during closing arguments will not serve as a basis for reversing a judgment." Metropolitan Dade County v. Dillon, 305 So.2d 36, 40 (Fla. 3d DCA 1974) (citations omitted). See also Venning v. Roe, 616 So.2d 604 (Fla. 2d DCA 1993) (reversing denial of new trial where counsel's remarks were "highly prejudicial"); Davidoff v. Segert, 551 So.2d 1274 (Fla. 4th DCA 1989) (affirming new trial where counsel's remarks "affected jury's ability to judge evidence fairly"); Erie Ins. Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981) (reversing denial of new trial where counsel's argument to jury was "highly improper and patently prejudicial"); Thundereal Corp. v. Sterling, 368 So.2d 923 (Fla. 1st DCA) (affirming denial of new trial where counsel's remarks were not "highly prejudicial and inflammatory"), cert. denied, 378 So.2d 350 (Fla. 1979). In deciding whether the improper argument was highly prejudicial, normally the trial judge must consider whether the argument affected the jury's verdict either on the liability issues or in the award of damages. Thus, the analysis in granting a motion for new trial on such preserved error is similar to the analysis used to decide whether the jury's verdict is defective because it is excessive, inadequate, or contrary to the manifest weight of the evidence.

B. Improper Remarks of Opposing Counsel as a Basis for New Trial When the Error is Not Preserved.

It should be obvious that a party seeking a new trial based on an improper argument by opposing counsel should face a higher burden when no objection was made during the trial. Appellate courts have had a difficult time enunciating a test that accurately describes this higher burden. The legal standard applied by Florida trial courts when deciding a motion for new trial on the basis of improper, but unpreserved, remarks has its genesis in Akin v. State, 86 Fla. 564, 98 So. 609 (1923), a criminal case:
The law seems to be well settled that it is the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury, and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party. A verdict will not be set aside by an appellate court because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that [n]either rebuke nor retraction may entirely destroy their sinister influence, in such event a new trial should be awarded regardless of the want of objection or exception.
98 So. at 612 (citations omitted).
This doctrine was first applied in a civil case in Baggett v. Davis, 169 So. 372 (1936). There, the defendant received a new trial because the improper argument "was similar in its probable effect upon the jury to the first remark of counsel objected to in *586 [Akin]." 169 So.2d at 379. See also Seaboard Air Line R.R. v. Strickland, 88 So.2d 519 (Fla. 1956) (applying same rule to grant new trial). When the Akin standard was applied in these civil cases, no effort was made to explain how it differed from the "highly prejudicial" standard. Nevertheless, it is apparent that the errors in Akin were so highly prejudicial that they could never be corrected by a curative instruction from the trial court and could be resolved only by declaring a mistrial or granting a new trial.
In Tyus v. Apalachicola Northern R.R., 130 So.2d 580 (Fla. 1961), the leading case defining fundamental error in closing argument, the supreme court explained:
[I]n the ordinary case, unless timely objection to counsel's prejudicial remarks is made, the appellate court will not reverse on review. This rule is subject to the exception that if the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury, a new trial should be awarded regardless of the want of objection.
130 So.2d at 587 (footnote omitted). This test does not appear to change the Akin test; it is merely a restatement.
In Wasden, this court noted that the general rule requiring a timely objection to an improper closing argument was subject to two exceptions:
First, a new trial can be ordered, absent timely objection, if the error is "fundamental," Sears, Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983); and second, a new trial can be properly granted "if the prejudicial conduct and its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury." [Citation to Tyus omitted.]
474 So.2d at 829.
Most recently, in Eichelkraut, we again reversed a trial judge's decision to grant a new trial, stating: "While a new trial may be based on conduct by counsel in closing argument without an objection, such conduct must be so pervasive, inflammatory and prejudicial as to preclude the jury's rational consideration of the case." Eichelkraut, 644 So.2d at 93. See also Gregory v. Seaboard System R.R., 484 So.2d 35 (Fla. 2d DCA) (reversing order granting new trial on basis of counsel's comments during closing argument and noting that trial court's order did not find verdict was against manifest weight of evidence), review denied, 492 So.2d 1334 (Fla. 1986); Anderson v. Watson, 559 So.2d 654 (Fla. 2d DCA 1990).
Upon further consideration, it appears more accurate to state that the two exceptions described in Wasden are one exception that requires a two-step analysis of the factors derived from Tyus and Akin. First, the trial court must determine whether the error was so pervasive, inflammatory, and prejudicial as to preclude the jury's rational consideration of the case. As explained in Wasden, the trial court has discretion in making this case-specific determination. Second, the trial court must decide whether the error was fundamental. In essence, this is a legal decision that the error was so extreme that it could not be corrected by an instruction if an objection had been lodged, and that it so damaged the fairness of the trial that the public's interest in our system of justice justifies a new trial even when no lawyer took the steps necessary to give a party the right to demand a new trial. Cf. Anderson v. Watson, 559 So.2d 654 (Fla. 2d DCA 1990) (reversing grant of new trial where no objection made to improper comments that were not "so fundamental as to have deprived the plaintiff of fair trial or their collective import so extensive as to pervade the trial and gravely impair a calm and dispassionate consideration of the evidence and the merits by the jury").
This two-prong analysis creates a very difficult burden for the movant. It is extremely close to a Catch-22 because the trial attorney who did not object must establish that the closing argument was exceptionally objectionable. See Walt Disney World Co. v. Blalock, 640 So.2d 1156, 1159 (Fla. 5th DCA) (Griffin, J., concurring in part and dissenting in part, and concluding that closing argument can never be fundamental and that party must always object to be entitled *587 to new trial), review dismissed, 649 So.2d 232 (Fla. 1994).
Finally, when a trial court relies on fundamental error to grant a new trial, the trial court should identify not only counsel's improper arguments, but also the actions of the jury that resulted from such argument. Wasden, 474 So.2d 825. Any unpreserved error that is so pervasively prejudicial and fundamental as to warrant a new trial should also be an error that demonstrably misled the jury. If the record does not disclose that the improper argument resulted in a miscarriage of justice, there is no harmful error justifying a new trial, especially in the absence of an objection by an interested party.

IV. THE APPELLATE COURT'S STANDARD OF REVIEW ON AN ORDER GRANTING NEW TRIAL ON THE BASIS OF AN IMPROPER CLOSING ARGUMENT
As a general rule, a court's decision to grant a new trial based on preserved error is of "such firmness" that it should not be disturbed in the absence of a clear showing that its broad discretion has been abused. Cloud v. Fallis, 110 So.2d 669, 672-73 (Fla. 1959). There are two reasons for this standard. First, the trial court is in the best position to "fully comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached." Id. at 673 (citation omitted). Second, the trial judge has the unique ability to reflect upon a ruling that he or she made on a timely objection, and to determine whether that ruling, if erroneous, may have affected the fairness of the trial. Sears Roebuck & Co. v. Jackson, 433 So.2d 1319, 1322 (Fla. 3d DCA 1983). Therefore, to overturn such a ruling, any abuse of discretion must be "patent from the record." Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520, 522 (Fla. 1975). While much of the case law discussing this standard concerns new trials that were granted because the verdicts were contrary to the manifest weight of the evidence, this broad discretion standard also applies for other trial errors, including preserved error in an opponent's closing argument.[2]
On the other hand, if a trial court grants a motion for new trial based on unpreserved error, then such error must be both pervasively prejudicial and fundamental. As explained in Wasden, on the issue of the pervasive, prejudicial nature of the error, the trial court receives the benefit of the broad discretion standard. On the issue of the fundamental nature of the error, the trial court is not accorded this broad discretion. Whether the error is fundamental is reviewed on appeal as a question of law. Wasden. Accordingly, an order granting a new trial on this basis will be affirmed "only if the error is, as a matter of law, fundamental." Jackson, 433 So.2d at 1323.
Thus, to affirm an order granting a new trial on the basis of unpreserved error in counsel's closing argument, an appellate court must first determine that the trial court did not abuse its broad discretion in finding that counsel's argument was so pervasively prejudicial as to preclude the jury's rational consideration of the case. The appellate court is aided in this determination by an order that identifies counsel's erroneous argument and the specific prejudicial effect of that argument. If the appellate court concludes that the trial court abused its discretion in ruling that the error was prejudicial, then the inquiry ends and the order granting a new trial must be reversed. If the appellate court agrees that counsel's comments caused the jury to return an erroneous verdict, it must then determine whether such error was fundamental as a matter of law. That is, the court must determine whether the error so irreparably harmed the foundation of the case that, if not corrected, it would undermine the public's confidence in the judicial system. This seems to us a difficult standard to pass.

V. APPLYING THE STANDARD OF REVIEW TO THIS CASE
First, we conclude that Sun Bank did not preserve any of the allegedly improper comments for appellate review. It failed to object to some of the comments and did not move for a mistrial on the basis of the remaining comments to which its objections were sustained. Thus, the trial court correctly *588 relied upon the standard required for unpreserved error.
Next, it is difficult for this court to review the trial court's decision that the argument was pervasively prejudicial because the trial court did not comply with Wasden. The order specifies the legal ground for new trial, but it contains no explanation of the specific errors in the closing argument or the harm that they caused. Recognizing the trial court's broad discretion on this issue, we still must conclude that the record contains nothing to suggest that this jury's verdict was contrary to the manifest weight of the evidence. Although generous, the verdict is not even arguably excessive and does not reveal that this jury reached an irrational decision unsupported by the relevant evidence and the proper arguments.
Finally, we have reviewed the closing argument and have found no fundamental error. Without objection, plaintiff's counsel made an argument that could be categorized as a golden rule argument. But even a golden rule argument is not sufficiently "sinister" to fall automatically to the level of fundamental error. Budget Rent A Car Systems, Inc. v. Jana, 600 So.2d 466 (Fla. 4th DCA 1992). The closing argument made by plaintiff's trial counsel in this case is far from a model of professionalism,[3] but it appears no worse than the argument described in Wasden. See 474 So.2d at 828.
For these reasons, we hold that the trial court abused its discretion in determining that any error in closing argument was pervasively prejudicial and erred, as a matter of law, in determining that counsel's remarks were fundamental error requiring a new trial. Accordingly, we reverse the order granting Sun Bank a new trial and remand for entry of judgment on the jury's verdict in favor of Ms. Hagan.
Reversed and remanded with directions.
RYDER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] See, e.g., Martino v. Metropolitan Dade County, 655 So.2d 151 (Fla. 3d DCA 1995) (reversing denial of plaintiff's motion for new trial based on defense counsel's closing argument that made derogatory comments about plaintiff and his witnesses, even though plaintiff made no objection, and holding that cumulative effect of prejudicial comments rose to level of fundamental error); Sacred Heart Hosp. of Pensacola v. Stone, 650 So.2d 676 (Fla. 1st DCA) (reversing denial of motion for new trial based upon counsel's repeated violation of rule prohibiting lawyer from stating personal opinion as to credibility of witnesses or justness of cause, even though defendant objected to only one comment, where cumulative effect of comments was prejudicial, pervaded entire trial, and constituted fundamental error), review denied, 659 So.2d 1089 (Fla. 1995); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985) (reversing judgment and remanding for new trial where plaintiff's counsel asserted personal knowledge of "nefarious activities supposedly engaged in by the corporate defendant" based on facts not in evidence where such comments were so prejudicial that error could not be cured by rebuke or retraction and was thus, fundamental).
[2] This standard does not apply to legal errors at trial, such as an error in a jury instruction. Tri-Pak Machinery, Inc. v. Hartshorn, 644 So.2d 118 (Fla. 2d DCA 1994).
[3] The plaintiff's appellate counsel did not try this case.