683 So.2d 1128 (1996)
Annemarie WEISE and Edward Weise, individually as parents and next friends of Melissa Weise, Appellants,
v.
REPA FILM INTERNATIONAL, INC., a Florida corporation d/b/a Palm Court Apartments and Diversified Management Company, a Florida corporation, Appellees.
No. 95-3998.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
Kenneth J. Sobel and Neal W. Hirschfeld, of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for appellants.
Thomas J. Morgan of Thomas J. Morgan, P.A., Coconut Grove, for appellees.
KLEIN, Judge.
Plaintiffs appeal an adverse jury verdict, arguing that we should grant a new trial because of defense counsel's remark in closing *1129 argument. Plaintiffs' objection to the remark was sustained by the trial court, but plaintiffs did not move for a mistrial. We affirm. Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 585 (Fla. 2d DCA 1996) (holding that if an objection to an improper remark is sustained, a motion for mistrial must be made before the jury retires to deliberate in order to preserve the issue for appellate review).
Plaintiffs, recognizing that the issue was not preserved, argue that the error was fundamental citing our opinion in Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA 1996). In Norman, our reversal was grounded on juror misconduct in combination with improper argument, and we were careful to point out that only remarks "of such character that neither rebuke nor retraction may entirely destroy their sinister influence" could result in a new trial absent objection. Norman at 1023 (quoting Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936)). Norman did not, therefore, expand fundamental error beyond the narrow definition given to it in LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla. 1978).
An argument on appeal that opposing counsel's remarks were so egregious as to be of the type contemplated by Baggett will generally be sorely lacking in credibility where there is no objection, or, if an objection is sustained, there is no motion for mistrial. See Hagan, 666 So.2d at 585; Walt Disney World Co. v. Blalock, 640 So.2d 1156, 1159 (Fla. 5th DCA 1994) (Griffin, J., dissenting.)
In addition to lack of preservation, another problem we see all too frequently in appeals involving closing argument is the failure of the appellant to demonstrate that the error was not harmless. § 59.041, Fla.Stat. (1995); Hagan, 666 So.2d at 587. In Tyus v. Apalachicola Northern Railroad Co., 130 So.2d 580, 587 (Fla.1961), our supreme court explained that appellate courts will not reverse because of prejudicial remarks, unless the prejudice is "so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury."
In the present case, appellants have not furnished us with any part of the transcript other than defense counsel's closing argument.[1] Where, as here, appellants argue that the alleged prejudice resulted in a defense verdict, the liability portion of the transcript would generally be necessary in order for us to determine whether a new trial is warranted under Tyus and LeRetilley.
Affirmed.
GROSS, J., and GERSTEN, CAROL R., Associate Judge, concur.
NOTES
[1] We are not suggesting that a transcript would have affected the outcome of this appeal. The remark, a single sentence, was susceptible of two interpretations, one of which was innocent. We accept defendant's interpretation.