688 So.2d 985 (1997)
Lawrence TREMBLAY and Marge Tremblay, Appellants,
v.
SANTA ROSA COUNTY, a local government, its Board of County Commissioners; Rick Casey; Byrd Mapoles, Santa Rosa County Commissioner; Lydia Ezell, Santa Rosa County Commissioner; and Bill Lundin, Santa Rosa County Commissioner, Appellees.
No. 96-1958.
District Court of Appeal of Florida, First District.
February 28, 1997.
*986 Lisa S. Minshew, Pensacola, for appellants.
Rick Casey, appellee, pro se.
WOLF, Judge.
Appellants, Lawrence Tremblay and Marge Tremblay, appeal from a nonfinal order granting defendants' motion for a new trial after a jury verdict in a nuisance action. The issues raised by this appeal are (1) whether the trial court erred by granting a new trial based on alleged golden-rule arguments made by appellants' attorney where appellee did not object to the comments, and (2) whether the trial court erred in denying appellants' motion for directed verdict despite a quasi judicial finding that appellees were guilty of illegal land use. We find no error as to either issue. The trial court could properly find that comments of plaintiffs' counsel during closing were so "pervasive, inflammatory and prejudicial as to preclude the jury's rational consideration of the case"; therefore, the trial court did not err in granting a new trial even though the comments were not objected to. As to the second issue, we find that the quasi judicial decision concerning the conditional use permit dealt with somewhat different issues than those raised in the complaint; therefore, the trial court correctly ruled that appellants were not entitled to a directed verdict based on administrative res judicata. We affirm as to the second issue without further comment.
Appellants were the plaintiffs in the trial court and are homeowners of a single-family residential property in Milton, Florida. Their home is within 500 feet of an alleged sod transfer and pine straw baling operation which is owned and operated by appellee, Rick Casey.
Appellants filed an action in circuit court and alleged in one count of the second-amended complaint that appellee Casey, by willfully and maliciously continuing to operate a sod transfer facility and pine straw baling operation, has violated the Santa Rosa County Land Development Code. The appellants further alleged in another count that as a result of the illegal use of the property, appellee Casey has created a nuisance which has damaged the Tremblays' quiet enjoyment of their property and thereby caused appellants to suffer severe emotional distress. A jury trial was held as to these counts. During closing argument, appellants' counsel made a number of remarks which were the basis for the trial court granting a new trial, although the pro se defendant did not object at the time the remarks were made. Among those remarks are the following:
When you're in the jury room I ask you to flip through Mrs. Tremblay's diary, which she took from her calendar at the beginning and then continued on to put it in there day after day. Just flip through a few days, a few months, and try to put yourself into her shoes and see what it's like living in their house. I think when you review that you'll see that it's not something that you would want for yourselves, for your children, for your grandparents, actually for anybody except your worst enemy.
. . . .
I think you should really think about this because-think about whether this is something that you would want in your backyard.
Would you want haypine straw bales that can produce up to eight Norwegian rats in each bale? Would you want piles *987 and piles of those behind your house? Would you want to come out to your house and come out to the pool and pull out rats in the morning?
Would you want to be concerned that the first worker over there, the first trucker over there who threw a cigarette into that pile of pine straw with sap on it that went up in flames, you would want to have to worry every day whether or not your house was going to burn down?
Would you want to worry about all these trailers that we've shown you in the photos that are packed full of compressed bale pine straw, would you want to worry about if it was a really sunny day and there was a combustion in the middle of that, like Mr. Rogers has told you he's seen happened, would you want to worry about that?
Would you want to worry about tires that are piled up and have standing water that can produce thousands of mosquitoes in twenty-four hours, all kind of other vermin and flyingflies and other things that I don't think I want in my backyard? But the Tremblays have to. Mr. Casey's made that happen to them. His operation is there and it's producing all those kinds of things.
. . . .
I also ask you to really consider the Tremblays and consider if you would like to live in this type of situation and how you would feel about it. Or if your parents were living next to an operation like this, how you would feel about it, or your children or grandchildren, and really think about that. And remember that Mr. Casey has, as he testified, owned, you know eight or more other or leased other properties.
This court must determine what is the standard for granting a new trial based upon a golden-rule violation which was not objected to. In Hagan v. Sun Bank of Mid-Florida, 666 So.2d 580 (Fla. 2d DCA 1996), the second district held that to grant a new trial based on improper remarks of opposing counsel when the error is not preserved, the trial court must determine (1) that the error was so pervasive, inflammatory, and prejudicial as to preclude the jury's rational consideration of the case; and (2) that the error was fundamental.
Whether an error is fundamental is a matter of law which can be determined by the appellate court. An error is fundamental if it goes to the foundation of the case or goes to the merits of the cause of action. LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla.1978) (finding no fundamental error when the comments were neither irreparable nor sinister). In Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA), review granted, 680 So.2d 422 (Fla.1996), the fourth district stated,
We continue to adhere to the proposition adopted by this court that we "perceive very few instances where remarks by an attorney are of such sinister influence as to constitute reversible error, absent objection."... However, the remarks here went far beyond traditional golden rule arguments which we have found do not constitute fundamental error warranting reversal absent objection.... In this case, the impermissible statements were inflammatory, directly appealing to the juror's passions and prejudices and calculated to produce a verdict based on fear and self-interest.... Accordingly, due to the nature of the remarks, their collective import and their pervasiveness throughout closing argument, we find that the remarks constitute fundamental error.
Id. at 1023-1024 (citations omitted). The Hagan court defines "fundamental error" as one so extreme that it is not curable by instruction, had an objection been lodged, and that it damages the fairness of the trial so that the public's interest in our system justifies a new trial.
The trial court did find that the comments were "pervasive, inflammatory and prejudicial as to preclude the jury's rational consideration of the case." The transcript of the closing comments shows there was no abuse of discretion in this finding.
In the instant case, we also determine that the comments were inflammatory, appealed to the jury's passions, and tried to induce fear and self interest. Furthermore, the *988 comments went to the very merits of the nuisance issue. The trial court felt it could not cure the comments with a jury instruction. The comments asking the jurors to envision themselves pulling rats out of their pools, bales of pine straw starting fires in their yards, and thousands of mosquitoes and other vermin flying in their neighborhood were inflammatory. The record supports, as a matter of law, that the comments were so sinister as to rise to the level of fundamental error.
The Hagan court also added an additional hurdle that a party must jump before it is granted a new trial based on unpreserved error. The court states,
Finally, when a trial court relies on fundamental error to grant a new trial, the trial court should identify not only counsel's improper arguments, but also the actions of the jury that resulted from such argument. Wasden [v. Seaboard Coast Line R.R. Co.], 474 So.2d 825 [(Fla. 2d DCA 1985), review denied, 484 So.2d 9 (Fla. 1986)]. Any unpreserved error that is so pervasively prejudicial and fundamental as to warrant a new trial should also be an error that demonstrably misled the jury. If the record does not disclose that the improper argument resulted in a miscarriage of justice, there is no harmful error justifying a new trial, especially in the absence of an objection by an interested party.
Id. at 587. It is this last prong that the trial court in the instant case found not applicable in this district. The trial court in the instant case found this district's test was announced in Bullock v. Branch, 130 So.2d 74 (Fla. 1st DCA 1961):
It is true, as the appellee points out in his brief, that there is no evidence in the record demonstrating that the argument in question had a prejudicial or inflammatory effect upon the jury, but it is the very nature of the type of argument in question that it is usually impossible to prove one way or the other what effect an argument of this kind has upon the jury mind. In our view, such prejudicial and inflammatory effect need not be demonstrated in a case of this kind to show reversible error but may be presumed from the fact of the making of such an improper argument.

Id. at 77 (emphasis added).
We find no reason to depart from the sound reasoning of Bullock. We recognize the job of this court is not to police improper conduct but to determine if the conduct was so pervasive that it could not be corrected by proper instruction from the trial court, and whether the conduct was so "pervasive, inflammatory and prejudicial to preclude the jury's rational consideration of the case." We, however, cannot find that the conduct in this case did not affect the verdict.
We, therefore, affirm the well-reasoned order of the trial court.
JOANOS and PADOVANO, JJ., concur.