694 So.2d 869 (1997)
James C. HICKS, Appellant,
v.
YELLOW FREIGHT SYSTEMS, INC. and Donald Tatum, Appellees.
No. 96-717.
District Court of Appeal of Florida, First District.
June 9, 1997.
*870 Richard C. Watson and Tyrie A. Boyer of Boyer, Tanzler & Boyer, Jacksonville, for Appellant.
John A. Forgas, III of Saalfield, Catlin & Forgas, P.A., Jacksonville, for Appellees.
PER CURIAM.
James C. Hicks appeals the denials of his motion for judgment in accordance with the motion for directed verdict and his motion for new trial following a jury verdict in favor of appellees in this negligence action. We affirm.
We find that the judgment here is supported by competent substantial evidence. Thus, the trial court did not err in denying the appellant's motion for judgment in accordance with the motion for directed verdict. Jones v. Rives, 680 So.2d 450, 451 (Fla. 1st DCA 1996).
Further, we conclude that the trial court did not abuse its discretion in denying the appellant's motion for new trial on the two issues raised. Smith v. Brown, 525 So.2d 868 (Fla.1988). First, as a result of the appellant's self-contradictory testimony, we find an adequate basis in the record for the jury to have rejected appellant's testimony relating to the existence and extent of his continuing pain. Thus, the jury had a sound basis to reject the expert medical testimony based upon appellant's subjective complaints of pain. Easkold v. Rhodes, 614 So.2d 495 (Fla.1993).
Second, because appellant failed to object to the allegedly improper statements by appellee's counsel during closing argument and because counsel's conduct during closing argument was not so egregious as to constitute fundamental error, the motion for new trial was properly denied. Tremblay v. Santa Rosa County, 688 So.2d 985, 987-88 (Fla. 1st DCA 1997); Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 583 (Fla. 2d DCA 1996). We emphasize our recent advice to parties seeking reversal based upon an allegedly improper closing argument, "[i]f counsel intends to appeal to this court, they would be well-advised to object." Winterberg v. Johnson, 692 So.2d 254 (Fla. 1st DCA 1997)(quoting Donahue v. FPA Corp., 677 So.2d 882, 884 (Fla. 4th DCA 1996)).
AFFIRMED.
MINER, WOLF and VAN NORTWICK, JJ., concur.