PER CURIAM.
The appellant entered a straight-up plea of nolo contendere to aggravated assault, petit theft, and resisting an officer without violence, and a plea of nolo contendere to a violation of probation. After determining that the plea had a factual basis and that the appellant had entered it freely, knowingly, and intelligently, the trial court accepted the plea. At the September 1995 sentencing hearing, the trial court adjudicated the appellant guilty of the underlying offenses and imposed sentence. No direct appeal was taken.
The appellant filed a sworn motion for post-conviction relief alleging 1) that his 66-month sentence exceeded the statutory maximum and was illegal and 2) that trial counsel had frustrated the appellant’s right to an appeal. The appellant sought to have the sentence vacated and “corrected” to 60 months upon resentencing. He filed an amended, sworn post-conviction motion with two grounds, the first realleging the “illegal sentence” claim and the second challenging the voluntary and intelligent nature of the plea. In the second claim, he alleged that trial counsel had failed to comply with the appellant’s timely request for a direct appeal. The motion states, “Defendant claims that he wanted to challenge the judgment and sentence, because he cannot read and write and did not know what he was actually signing in court.” The appellant requested a belated appeal.
In its order, the trial court directed the clerk of the court to correct the judgment and sentence to reflect a 60-month sentence, as requested, and granted the request for a belated appeal. A pro se notice of appeal was filed. No brief was filed.
We construe the amended motion as, in effect, a request to withdraw a plea that is alleged not to have been voluntarily entered. Inasmuch as the trial court granted all of the appellant’s other requests, we believe the “involuntary plea” question is the only remaining issue for resolution. Accordingly, we remand this case to the trial court for consideration of this issue.
WEBSTER, MICKLE and PADOVANO, JJ., concur.