698 So.2d 1305 (1997)
Lydia R. RUTHERFORD, Appellant,
v.
Russell LYZAK, Appellee.
No. 96-2764.
District Court of Appeal of Florida, Fourth District.
August 27, 1997.
Rehearing and Clarification Denied October 7, 1997.
Robert I. Buchsbaum of Conroy, Simberg & Ganon, P.A., Hollywood, for appellant.
Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellee.
GROSS, Judge.
We reverse the trial court's order granting a new trial for plaintiff/appellee in a personal injury case.
One of the grounds asserted in plaintiff's motion for new trial were certain of defense counsel's comments in closing argument. However, plaintiff raised no objection to the purportedly offensive portions of defendant's closing argument, nor did he move for a mistrial before the jury retired to deliberate. Any non-fundamental errors during closing were therefore not preserved. See Weise v. Repa Film Int'l, Inc., 683 So.2d 1128 (Fla. 4th DCA 1996); Hagan v. Sun Bank of Mid-Florida, 666 So.2d 580 (Fla. 2d DCA 1996).
In Hagan the court adopted a two step analysis to determine whether remarks during closing amount to fundamental error:

*1306 First, the trial court must determine whether the error was so pervasive, inflammatory, and prejudicial as to preclude the jury's rational consideration of the case.... [T]he trial court has discretion in making this case-specific determination. Second, the trial court must decide whether the error was fundamental. In essence, this is a legal decision that the error was so extreme that it could not be corrected by an instruction if an objection had been lodged, and that it so damaged the fairness of the trial that the public's interest in our system of justice justifies a new trial even when no lawyer took the steps necessary to give a party the right to demand a new trial.
666 So.2d at 586.
In this case, the trial court abused its discretion in its implicit ruling that defense counsel's argument was "so pervasively prejudicial as to preclude the jury's rational consideration of the case." Id. at 587. The order granting a new trial identified neither the erroneous arguments nor their prejudicial effect. Id. Some of the arguments were fair comment on the evidence. A lawyer may discuss an expert witness' pecuniary interest in the outcome of the case. Also, a lawyer may explore the referral relationship between an attorney and the treating physician who testifies as an expert. The remaining arguments, even if error, did not meet the first prong of the Hagan test, nor were they fundamental error under the second aspect of it.
Plaintiff argues that the trial judge told the attorneys not to interrupt opposing counsel's closing argument with objections. No such instruction appears in the record. The record was not corrected or supplemented pursuant to Florida Rule of Appellate Procedure 9.200(f). That type of order should have prompted an objection by counsel, given case law that requires objections during closing to preserve appellate issues. See Weise; Hagan; Hicks v. Yellow Freight Sys., Inc., 694 So.2d 869 (Fla. 1st DCA 1997). We also note that the plaintiff did raise two objections on closing, but not to those comments which are the subject of this appeal.
Reversed and remanded for reinstatement of the final judgment.
WARNER and SHAHOOD, JJ., concur.