710 So.2d 587 (1998)
Robert MURPHY and Technology Innovations International, Inc., Appellants,
v.
INTERNATIONAL ROBOTICS SYSTEMS, INC. and Howard Hornsby, Appellees.
No. 97-0388.
District Court of Appeal of Florida, Fourth District.
February 11, 1998.
Rehearing and Rehearing Denied March 18, 1998.
R. Stuart Huff and Mark L. Mallios of the Law Offices of R. Stuart Huff, Coral Gables, for appellants.
David A. Jaynes, West Palm Beach, for appellees.
Rehearing and Rehearing En Banc Denied March 18, 1998.
KLEIN, Judge.
It seems as though, in every week in which we sit, we get at least one appeal in which we are asked to reverse because of improper, but unobjected-to, closing argument of counsel. We had two such cases during the week this case was argued. We affirmed the other one without discussing the issue.
In the thirty-three years since this court was created, it has never granted a new trial in a civil case grounded solely on improper argument where there was no objection during trial. Nevertheless, we keep getting appeals in which attorneys cite decisions from the first, third and fifth districts involving this issue, and urge us to follow them. Most of these cases are affirmed without opinion. We are affirming this case as well, but writing to explain why we do not agree with the decisions of our sister courts.[1] *588 We do so in the hopes that a litigant considering an appeal to this court, whose best hope for reversal is unobjected-to argument of counsel, will carefully consider whether it is worth the cost.
The arguments being raised on this appeal include opposing counsel accusing the individual plaintiff of wanting to "cash in a lottery ticket in this litigation," and suggesting that if the jurors awarded appellant damages based on a "phony consultancy agreement" they would be "accessories, after the fact, to tax fraud." When we asked appellants' counsel, at oral argument, why he did not make an objection if he thought that these arguments were so egregious, he responded that it is his practice not to object because the jury might hold it against his client.
Before we explain why we do not follow the decisions of the other district courts of appeal, we must address Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA), rev. denied, 680 So.2d 422 (Fla.1996), in which a panel of this court granted a new trial because of the combination of two unrelated errors, one of which was grossly improper argument of counsel to which there was no objection. This court concluded that the argument, in combination with the fact that the foreman of the jury had discussed the case during trial with his brother who, unbeknownst to the juror, was employed by and had investigated the accident for defendant's insurer, warranted reversal for a new trial.
Prior to Norman, this court had adhered to the position which it took in Nelson v. Reliance Insurance Co., 368 So.2d 361 (Fla. 4th DCA 1978), that failure to object to improper argument was a judgment call by counsel as to how the trial was going, and was thus a deliberate tactical decision which waived the error. Following the panel decision in Norman, there was a request for this court to en banc Norman because it conflicted with Nelson; however, this court refused to en banc. Norman, 668 So.2d at 1024. The refusal of this court to en banc means that a majority of this court did not think that there was a conflict. Nelson is, accordingly, still good law in this district, and Norman should not be interpreted as a change in that law.
There are two things which make Norman unique. First, the panel in Norman was unwilling to reverse solely because of closing argument, and was very careful to point out that it was only the combination of juror misconduct and the closing argument which "substantially undermined plaintiffs' right to a fair trial, compromised the integrity of this jury trial, and thwarted substantial justice." 668 So.2d at 1020.
The other thing which makes Norman unusual is the argument itself. Plaintiff was injured while hog hunting as an invited guest *589 on defendant's ranch. He was suing the defendant for negligence, and defense counsel argued to the jurors that if they returned a verdict for the plaintiff it would end hog hunting in Okeechobee County. As the Norman panel observed, counsel was telling the jurors "that they would in fact be personally affected by the outcome of this case," and that they should "consider the effect of a plaintiffs' verdict on their lives in Okeechobee." Id. at 1021.
This type of argument has been held to constitute fundamental error in criminal cases. See, e.g., Grant v. State, 194 So.2d 612, 613 (Fla.1967), in which the prosecutor argued that if the jurors did not impose the death penalty, defendant could "get out and come back and kill somebody else, maybe you." As improper as the panel thought the argument was in Norman, however, the panel was still unwilling to reverse solely because of it.
It is not that we condone improper or unethical argument. See, e.g., Bellsouth Human Resources Admin., Inc. v. Colatarci, 641 So.2d 427 (Fla. 4th DCA 1994). Rather it is that we do not think improper, but unobjected-to, closing argument in a civil case is something which is so fundamental that there should be an exception to the rule requiring an objection. As our supreme court explained in Castor v. State, 365 So.2d 701 (Fla.1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
The contemporaneous objection rule is well established in Florida in regard to argument of counsel. There must be an objection at the time the remarks are made. Tyus v. Apalachicola Northern R.R. Co., 130 So.2d 580 (Fla.1961). If the court sustains the objection there must be a motion for mistrial in order to preserve the issue on appeal. Roundtree v. State, 362 So.2d 1347 (Fla.1978). The objection must be made at the time of the improper remarks; however, the motion for mistrial can be made later, at the close of argument, in order to give counsel time to think about whether to seek a mistrial. Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985).
Prior to 1985, the reluctance of counsel to move for mistrial, because of the delay and expense which result from the granting of the motion, was understandable. In 1985, however, the Florida Supreme Court, in Ed Ricke eliminated this problem. The court held that the trial court can withhold ruling on a timely motion for mistrial until after the jury has a returned a verdict. The trial court does not, accordingly, have to rule right when the motion is made, as it did before Ed Ricke. Now those who are on the receiving end of improper argument can have their cake and eat it, too.
Although the Florida Supreme Court has reversed for a new trial based on unobjected-to closing argument, the last time it did so in a civil case was in 1956. Seaboard Air Line R.R. v. Strickland, 88 So.2d 519 (Fla.1956). The last time it addressed the issue in a civil case was in 1961, in Tyus. That case is significant because, although the first district had reversed a plaintiff's verdict in a wrongful death action because of unobjected-to argument, the Florida Supreme Court quashed that decision, holding that there should have been an objection. The arguments made by plaintiff's counsel in Tyus, which are set forth in the dissent, are as bad as, if not worse, than the arguments in cases which are now being reversed.
Plaintiff's counsel in Tyus argued that railroad cases all follow a similar pattern, in which the railroad is investigating to exonerate itself before the plaintiff is even buried. He argued that the railroad had hired not only two of the most brilliant Tallahassee lawyers, but an ex-senator as well, its philosophy being a million dollars for defense, but not a penny for compromise. Noting that there was only a rusty sign at the crossing at the time of the accident, he told the jury that the railroad had since installed blinkers, a fact which was not in evidence. If the corporation had spent the money on the blinkers *590 before the accident, he argued, another human being's life would not have been snuffed out in pursuit of the almighty dollar. Counsel concluded by asking the jury to "give consideration to the rights and privileges of the citizens of Liberty County with reference to ... a negligent murder." 130 So.2d at 591-93 (O'Connell, J., dissenting).
Tyus was the last time the Florida Supreme Court wrote on unobjected-to argument in a civil case. The contemporaneous objection rule outweighed, in the court's view, the possible injustice resulting from the closing argument. As the court emphasized, the trial judge "who was in the milieu of the court room throughout the trial," was in "a much better position" than an appellate court, to determine if the argument was so prejudicial as to require a new trial. 130 So.2d at 588.
There is an exception to the contemporaneous objection rule, for errors which are deemed fundamental and which can thus be raised for the first time on appeal. Years after the Florida Supreme Court last reversed a civil case for a new trial based on unobjected-to closing argument (Strickland in 1956), the court defined fundamental error as "error which goes to the foundation of the case, or goes to the merits of the cause of action," which appellate courts should apply "very guardedly." Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970). In Sanford the court held that the unconstitutionality of a statute under which attorney's fees were awarded was not fundamental error which could be raised for the first time on appeal. The error argued in Sanford was, to our way of thinking, more egregious than improper argument of counsel.
In criminal cases the Florida Supreme Court requires, in order for an error to be deemed fundamental, that it be "equivalent to a denial of due process." Mordenti v. State, 630 So.2d 1080 (Fla.1994); State v. Johnson, 616 So.2d 1 (Fla.1993). Even when a prosecutor violates a defendant's constitutional right to silence by commenting on the fact that the defendant did not testify; it is not fundamental error. State v. Marshall, 476 So.2d 150 (Fla.1985); Clark v. State, 363 So.2d 331 (Fla.1978).
Considering the nature of the remarks which the supreme court held not to be fundamental error in Tyus, and the court's later definition of fundamental error in Sanford v. Rubin and in criminal cases, we do not think we are being inconsistent with our supreme court when we all but close the door on allowing this issue to be raised for the first time on appeal.
No discussion of unobjected-to closing argument would be complete without a discussion of Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580 (Fla. 2d DCA 1996). In Hagan the trial court granted a new trial based on argument of counsel to which there was no objection during trial. Judge Altenbernd, who wrote the opinion for the second district, analyzed Florida Supreme Court cases involving unobjected-to improper argument,[2] and, based on those decisions, concluded that a court should go through the following analysis in these cases:
First, the trial court must determine whether the error was so pervasive, inflammatory, and prejudicial as to preclude the jury's rational consideration of the case.... Second, the trial court must decide whether the error was fundamental. In essence, this is a legal decision that the error was so extreme that it could not be corrected by an instruction if an objection had been lodged, and that it so damaged the fairness of the trial that the public's interest in our system of justice justifies a new trial even when no lawyer took the steps necessary to give a party the right to demand a new trial.
Hagan, 666 So.2d at 586.
Although the second district did not go so far as to hold in Hagan that there is no closing argument in a civil case which could ever be fundamental error, the court acknowledged that it is "extremely close to a Catch-22 because the trial attorney who did not object must establish that the closing argument was exceptionally objectionable." Id. at 586. Considering the fact that the second district has never found such an error *591 in its forty years of existence, that may be an understatement.
Most of the Florida cases in which courts have granted new trials, even though the argument was not objected to, have required, as the Hagan court noted, that the argument be "pervasive." Hagan, 666 So.2d at 586. See also Norman, 668 So.2d at 1024. Improper argument cannot, however, become pervasive except where counsel fail to object. As Judge Griffin pointed out, when she dissented to the conclusion that the unobjected-to argument required a new trial in Walt Disney World Co. v. Blalock, 640 So.2d 1156, 1159 (Fla. 5th DCA 1994):
After reviewing dozens of these cases ... I have come to be of the view that a party who does not object to counsel's comments in closing should not be allowed to complain of those comments on appeal. It is anomalous that the more objectionable the comments, the less the incentive to object.
So far as our research indicates, no other courts in this country allow improper argument to be raised for the first time on appeal in civil cases. According to a recent article in the American Bar Association Journal,[3] improper argument is a nationwide problem; however, few courts have even addressed the issue of whether it could be raised for the first time on appeal.[4]
Our unwillingness to grant new trials, where the error has not been preserved, does not mean that we find it less distasteful than other courts. We have reported to the Florida Bar attorneys who made unethical[5] argument. The Florida Supreme Court has publicly reprimanded or suspended lawyers for unethical argument. See, e.g., The Florida Bar v. Kelner, 670 So.2d 62 (Fla.1996); The Florida Bar v. Schaub, 618 So.2d 202 (Fla. 1993). We also know from experience that even when courts do not report counsel to the Bar, the Bar investigates unethical conduct on its own when it reads about it in an opinion. We have concluded that it is more appropriate to deal with unethical argument in this manner than to reverse an otherwise error-free case for a new trial, when a timely objection might have obviated the need for imposing that burden on our judicial system.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] The third district was the first to grant a new trial based on unobjected-to argument in Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), in which counsel asserted "his personal knowledge of nefarious activities supposedly engaged in" by the corporate defendant, which were neither in evidence nor true. Other cases in which the third district has reversed without requiring an objection include Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986)(defense counsel told jury about a conversation he had with plaintiff's expert neurologist in which the expert did not mention that plaintiff had a particular injury, which was not in evidence); George v. Mann, 622 So.2d 151 (Fla. 3d DCA 1993)(defense counsel argued that the plaintiff was a liar, perpetrating a fraud, and had concealed evidence and violated discovery orders); Martino v. Metropolitan Dade County, 655 So.2d 151 (Fla. 3d DCA 1995)(counsel suggesting adverse effect on future case if jury returned a verdict for plaintiff); Owens-Corning Fiberglas Corp. v. Crane, 683 So.2d 552 (Fla. 3d DCA 1996)(counsel attacked integrity and credibility of opposing counsel); Al-Site Corp. v. Della Croce, 647 So.2d 296 (Fla. 3d DCA 1994)(counsel engaged in character attacks and name calling).

First district cases include Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993)(plaintiff's counsel expressed personal outrage about defendant's "damage control," and appealed for sympathy because his client was a priest); Baptist Hosp. v. Rawson, 674 So.2d 777 (Fla. 1st DCA 1996) (personal opinions of counsel and reference to matters outside evidence); Muhammad v. Toys R. Us, Inc., 668 So.2d 254 (Fla. 1st DCA 1996) (personal opinions of counsel and suggestion that plaintiff's claim was fraudulent); Sacred Heart Hosp. of Pensacola v. Stone, 650 So.2d 676 (Fla. 1st DCA 1995) (counsel referred to matters not in evidence and expressed personal opinions as to the merits of the cause).
Fifth district cases include Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA 1992)(defense counsel told jury that it was the "conscience of the community," and that plaintiff's doctor usually finds permanent injury in other cases); Walt Disney World Co. v. Blalock, 640 So.2d 1156 (Fla. 5th DCA 1994)(plaintiff's counsel referred to inadmissible evidence and expressed personal opinions as to credibility of witnesses); Superior Indus. Int'l v. Faulk, 695 So.2d 376 (Fla. 5th DCA 1997)(appeals to conscience of the community and civic responsibility and decedent's life being "snuffed out" by defendant in a negligence case); Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993)(counsel expressed personal opinions and made a comment about chiropractors not based on any evidence).
[2] Akin v. State, 86 Fla. 564, 98 So. 609 (1923); Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936); Strickland; Tyus.
[3] Mark Hansen, A.B.A. Journal, June 1997 at 18.
[4] In Rojas v. Richardson, 713 F.2d 116 (5th Cir. 1983), the fifth circuit granted a new trial because of unobjected-to remarks, but on rehearing, reconsidered and affirmed because of the lack of an objection. In 1958 the Missouri Supreme Court reversed for new trial based on highly prejudicial unobjected-to argument asserting a conspiracy, which was not supported by evidence, Critcher v. Rudy Fick, Inc., 315 S.W.2d 421 (Mo.1958), but no Missouri court had done so since then. In 1950 the New Mexico Supreme Court warned that it would do so, but it has never carried out its threat. Griego v. Conwell, 54 N.M. 287, 222 P.2d 606 (1950). See Lopez v. Southwest Community Health Serv., 114 N.M. 2, 833 P.2d 1183 (Ct.App.1992).
[5] The two ethical rules which improper argument is most likely to violate are Rule Regulating Florida Bar 4-3.4(e), which prohibits lawyers from arguing facts which are not in evidence and expressing personal opinions, and Rule 4-3.5(a), which provides that a "lawyer shall not seek to influence a judge, juror, prospective juror, or other decision maker except as permitted by law or the rules of court." Some trial courts are warning counsel at the beginning of trial not to engage in improper argument. When counsel violate those orders, they are also in violation of another ethical rule, 4-3.4(c), which provides that lawyers may not disobey rules of the tribunal. See, e.g., Airport Rent-A-Car, Inc. v. Lewis, 701 So.2d 893 (Fla. 4th DCA 1997).