BLUE, Judge,
Concurring.
I would reverse for a new trial, but recognize and thus honor the broad discretion lodged in a trial court on this issue. An argument might be made that if a sixty-eight-page order is necessary to explain the denial of a new trial, that might, warrant granting the motion. However, in this case the epic problems seem to warrant the trial court’s extensive analysis. I write because I conclude Ms. LaFarnara’s attorney, Robert Merkle, engaged in improper closing argument, which should be a basis for a new trial. But for case law which appears to require a contemporaneous objection to each instance of improper argument, I would find that the issue was properly preserved by a motion for mistrial.
This two-month trial was greatly complicated by Ms. LaFarnara being examined during trial by a psychiatrist who had not previously treated her, and her subsequent hospitalization, also during the trial, resulting in new evidence mid-trial. Had objections to this development been properly preserved, the trial judge indicated a mistrial or new trial would have been granted. I agree the trial court ruled properly to protect the competing interests of the parties in this unusual if not bizarre situation and properly assessed this issue in the order denying the new trial.
I also agree the trial court properly analyzed the issue of improper argument based on the case law from this court. It is that case law with which I disagree. The trial court set forth fourteen instances of improper argument in the order denying a new trial. Because there were no contemporaneous objections to these instances of improper argument, the trial court tested each on the basis of fundamental error. Before the final argument concluded, and after the instances of improper argument, Mr. Garbutt’s counsel moved for mistrial on the basis of improper argument. I would like to hold that this preserved the issue; a finding of fundamental error was not required; the trial court should have granted a mistrial; and it was therefore error to deny a new trial.
The trial court properly relied on Hagan v. Sun Bank of Mid-Florida, N. A., 666 So.2d 580 (Fla. 2d DCA 1996), in denying the new trial. Hagan has become a leading case on new trial resulting from improper argument. It is well written and unquestionably based on binding precedent. It is a portion of this precedent I suggest should be re-examined — that being the requirement of a contemporaneous objection to improper argument in addition to a timely motion for mistrial.
My protest against the contemporaneous objection rule rises from my belief that it shifts the responsibility for proper argument from the party making the argument to the party being victimized by the argument. Improper argument results from a failure to know the rules or from a desire to ignore the rales to gain an unfair advantage. Requiring a contemporaneous objection places the onus on the victim of the improper argument to educate his or her opponent about proper argument during the trial or to attempt to stop an unscrupulous opponent who consciously argues in violation of the rules. Trial attorneys should know the rales. If they have engaged in improper argument because of ignorance or duplicity, opposing counsel should be allowed, as part of their trial strategy, to move for mistrial without constant objections.
In this case, Mr. Garbutt listed thirty-four alleged instances of improper argument in the motion for new trial. The trial court agreed that in fourteen instances the argument by Ms. LaFarnara’s counsel was improper. I conclude at least some of the *729 remaining twenty were improper or borderline. Most trial lawyers would hesitate to interrupt closing argument thirty-four times, which would seem to be required under the present law.
In this case there was a motion for mistrial, based on the improper argument, made before the conclusion of the final argument. I suggest this should preserve the error and that trial counsel should be allowed to move for mistrial on the basis of cumulative improper argument. This places responsibility for proper argument on the attorney making the argument.