677 So.2d 882 (1996)
Gerald DONAHUE and Lois Donahue, Appellants,
v.
FPA CORPORATION; Davco Industries, Inc., f/k/a Davco Construction Corporation; Bruce Hyde; and Metal Products of Palm Beach, Inc., Appellees.
No. 95-0226.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Rehearing, Rehearing, and Certification Denied August 27, 1996.
Paul Richard Bloomquist and Randy D. Ellison, West Palm Beach, for appellants.
*883 Joseph S. Kashi of Sperry, Shapiro & Kashi, P.A., Fort Lauderdale, for Appellee-FPA Corporation.
G. Bart Billbrough and Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for Appellees-Davco Industries and Bruce Hyde.
Rehearing, Rehearing En Banc, and Certification Denied August 27, 1996.
PER CURIAM.
AFFIRMED.
GLICKSTEIN and PARIENTE, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
Appellant, who suffered an adverse jury verdict, argues that he is entitled to a new trial because of defense counsel's remarks in closing argument. Although the remarks were unethical, plaintiff did not object. I am writing in the hope that publishing unethical remarks and the name of the lawyer making them will serve as a deterrent.
As part of plaintiff's case on liability he presented a video prepared by a crane expert. On closing argument defense counsel, Robert G. Merkel, argued:
There is film by Mr. Headley that you saw, and I don't want to spend a lot of time on this, other than to remind you about a year ago, if you recall, there was a NBC or CBS did a film on a GMC truck blowing up, gas tank. I don't know if any of you remember that. It turns out after they did it they put lightening thing to make a fire and go off. Obviously we didn't have any fire in this. But they got a film that's the same way.
Then, arguing about the credibility of a dentist who advertised free seminars for lawyers on temporo mandibular joint problems in whiplash and head injury cases, Merkel compared him to personal injury lawyers who advertise on benches "call 1-800, you know, sue you, whatever. If you are a lawyer that's embarrassing."
These remarks violate R. Regulating Fla. Bar 4-3.4(e), which provides that lawyers shall not:
[I]n trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
In Bellsouth Human Resources Administration v. Colatarci, 641 So.2d 427, 430 (Fla. 4th DCA 1994), we stated with reference to this rule:
What other lawyers have done, what has occurred in other law suits, and what other corporations have done, are things which are clearly outside the bounds, and reference to them directly violates the ethical rule.
Plaintiff did not object to these remarks. Rather, he asserts that they constitute fundamental error under our recent decision in Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA 1996).
In Norman, before we addressed the closing argument, we concluded that a conversation between a juror and his brother during the trial, about how the trial was going well for the defendant, had "compromised the integrity of the fact finding process." Id. at 1019. See Maler v. Baptist Hosp. of Miami, Inc., 559 So.2d 1157, 1162 (Fla. 3d DCA 1989), order approved, 579 So.2d 97 (Fla. 1991). The brother, an agent of defendant's liability insurer, had participated in investigating the accident. We then went on to find that the unobjected to argument of counsel suggested to the jurors that a verdict for plaintiff would personally affect the jurors' "way of life in Okeechobee," and would subject the jurors to "community condemnation." Id. at 1021-22. We were careful to point out in Norman that only remarks "of such character that neither rebuke nor retraction may entirely destroy their sinister influence" could result in a new trial absent objection.[1]
*884 Our reversal in Norman was grounded on the juror misconduct in combination with the improper argument. We made it clear that we were not going as far as some of the other district courts of appeal have gone in granting new trials because of unobjected to remarks. Id. n. 7. We are probably most closely aligned with the second district. See Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580 (Fla. 2d DCA 1996). Accordingly, if counsel intend to appeal to this court, they would be well-advised to object.
NOTES
[1] Quoting Baggett v. Davis, 124 Fla. 701, 169 So. 372 (Fla.1936).