692 So.2d 254 (1997)
Betty Jane WINTERBERG, Personal Representative of the Estate of Donald G. Winterberg, Appellant,
v.
Jack W. JOHNSON, d/b/a Jack W. Johnson Trucking, and Robert Wayne Howell, Appellees.
No. 96-1719.
District Court of Appeal of Florida, First District.
April 23, 1997.
Darla Jean Christopher and Terence M. Brown of Brown and Christopher, Starke, for appellant.
R. Dennis Comfort, Gainesville, for appellees.
WOLF, Judge.
Appellant, the plaintiff in the trial court, raises a number of issues. We affirm as to all issues, but determine one issue merits discussion: Whether the trial court erred in *255 denying a motion for new trial on the grounds that defense counsel expressed his personal beliefs in closing argument. Appellant argues for reversal notwithstanding the fact that plaintiff did not object to any remarks made by the defendants'/appellees' attorney. We decline to do so where the comments did not rise to the level of fundamental error.
Counsel for appellant candidly conceded that he attended a seminar where he was told that based upon this court's decision in Sacred Heart Hosp. of Pensacola v. Stone, 650 So.2d 676 (Fla. 1st DCA), rev. denied, 659 So.2d 1089 (Fla.1995), in the first district, any closing argument that violates rule 4-3.4 of the Rules Regulating The Florida Bar, constitutes fundamental error. He, therefore, made a conscious decision not to object. As noted in the concurrence in Rockman v. Barnes, 672 So.2d 890, 892 (Fla. 1st DCA 1996), others have also misread our decision in this manner.
We specifically instruct counsel that a closing argument that violates rule 4-3.4 of the Rules of Professional Conduct, Rules Regulating The Florida Bar, does not necessarily constitute fundamental or harmful error. While appellate courts have a role in overseeing the conduct of attorneys, our primary consideration in reviewing a case is not to discipline attorneys, but to consider how the misconduct affected the fairness of the trial proceedings. We must determine if the level of conduct was so pervasive that it could not be corrected by proper instruction from the trial court, and whether the conduct was so "pervasive, inflammatory, and prejudicial to preclude the jury's rational consideration of the case." Hagan v. Sun Bank, 666 So.2d 580, 583 (Fla. 2d DCA 1996). See also Judge Farmer's dissent in Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA 1996), rev. granted, 680 So.2d 422 (Fla.1996).
The conduct in this case was not so egregious as to constitute fundamental error. As in Donahue v. FPA Corp., 677 So.2d 882, 884 (Fla. 4th DCA 1996), we note, "If counsel intends to appeal to this court, they would be well advised to object."
Affirmed.
JOANOS and VAN NORTWICK, JJ., concur.