692 So.2d 991 (1997)
CITY OF JACKSONVILLE, a municipal corporation, Appellant,
v.
Judith T. TRESCA and Sylvia F. Sinclair, Appellees.
Judith T. TRESCA and Sylvia F. Sinclair, Appellants,
v.
CITY OF JACKSONVILLE, a municipal corporation, Appellee.
Nos. 96-2425, 96-2704.
District Court of Appeal of Florida, First District.
May 6, 1997.
*992 Fred D. Franklin, Jr., General Counsel; Bruce Page, Assistant General Counsel, City of Jacksonville, for appellant.
William S. Graessle and William L. Coalson, Jacksonville, for Judith T. Tresca and Sylvia F. Sinclair, for appellees.
WOLF, Judge.
In case number 96-2425, the city of Jacksonville (city) appeals from a final judgment entered after a jury verdict in an eminent domain case. The city asserts that opposing counsel committed violations of rule 4-3.4, Rules of Professional Conduct of The Florida Bar, which constituted fundamental error. We find that the behavior of counsel was not so egregious as to constitute fundamental error, and again remind counsel that if they wish to appeal an issue to this court, they would be well advised to object in the trial court. See Winterberg v. Johnson, 692 So.2d 254 (Fla. 1st DCA 1997) (citing Donahue v. FPA, 677 So.2d 882 (Fla. 4th DCA 1996). Case number 96-2425 is affirmed.
In case number 96-2704, Judith P. Tresca and Sylvia F. Sinclair appeal from a judgment awarding attorney's fees in the same eminent domain action as case number 96-2425. Tresca and Sinclair assert that the trial court erred in its interpretation of section 73.092, Florida Statutes, by determining that an offer of an option to purchase Tresca's property constituted a valid offer under the statute. We agree that the offer of an option to purchase does not constitute a valid offer pursuant to the statute, and we reverse.
As part of a redevelopment effort of the LaVilla area, the city of Jacksonville acquired the property of Judith Tresca and Sylvia Sinclair by eminent domain. Prior to filing the petition for condemnation in May 1995, the city negotiated to obtain an "option to purchase" the property within a period of 180 days of July 23, 1994, for the sum of $107,000. The landowners (Tresca and Sinclair) did not accept the city's option to purchase, but instead offered a counter proposal of $165,000 on August 15, 1994. The city did not enter into an option for purchase with the landowners, and nothing further came of these negotiations.
A petition for condemnation was filed on May 31, 1995, and the city of Jacksonville acquired the landowners' property by eminent domain on July 13, 1995. Pursuant to the Declaration of Taking, the city deposited into the registry of the court $50,000 for parcel 62-05 which was presumably the good-faith estimate of the property value based on a valid appraisal. A jury trial on the issue of full compensation began on May 13, 1996. The jury returned a verdict of $182,000 as full compensation for the landowners' property which had been taken by the city.
After the return of the verdict, Tresca and Sinclair filed a motion to assess attorney's fees. At the hearing on this motion, counsel for the landowners presented a proposed judgment as to attorney's fees based on the fact that the city's last written offer was the good-faith deposit of $50,000; therefore, pursuant to section 73.092(1)(c)1, Florida Statutes (1995), the benefit obtained for the landowners was $132,000 ($182,000 minus $50,000), 33 percent of which (the statutory fee) amounted to $43,560.[1] Counsel for the city, however, argued that the $107,000 proposed in the option to purchase by the city was the proper amount for determining the benefit which counsel had obtained for the landowners. The judgment as to attorney's fees entered by the trial court utilized the $107,000 proposed by the city in the option to purchase as the basis for measuring the benefit to the landowners rather than the $50,000 which was the good-faith deposit by the city in the condemnation action. Based on the $107,000 figure, the trial court awarded a fee in the amount of $24,750 (33 percent of $182,000 minus $107,000).
Section 73.092, Florida Statutes, provides for attorney's fees in eminent domain cases as follows:
(1) Except as otherwise provided in this section, the court, in eminent domain proceedings, *993 shall award attorney's fees based solely on the benefits achieved for the client. (a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
In Lee County v. Pierpont, 693 So.2d 994 (Fla. 2d DCA 1997), the second district attempted to define the word "offer" as used in section 73.092, and stated,
An "offer" has been defined as follows: A proposal to do a thing or pay an amount, usually accompanied by an expected acceptance, counter-offer, return promise or act. A manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it. Restatement, Second, Contracts, § 24. A promise; a commitment to do or refrain from doing some specified thing in the future. An act on the part of one person whereby that person gives to another the legal power of creating the obligation called contract. McCarty v. Verson Allsteel Press Co., 44 Ill.Dec. 570, 576, 89 Ill. App.3d 498, 504, 411 N.E.2d 936, 942 [Ill. 1st D.C.A.1980]. The offer creates a power of acceptance permitting the offeree by accepting the offer to transform the offeror's promise into a contractual obligation. See Black's Law Dictionary 1081 (6th ed. 1991).
We determine that an offer under the statute must be one whereby if it is accepted will constitute a legal obligation by the condemning authority to purchase the property for the amount stated in its offer. In the instant case, Tresca's and Sinclair's acceptance of the city's offer would not have guaranteed that appellants would receive $107,000 for their property. The option merely gave the city the right to purchase the property for six months if it unilaterally chose to do so. Obtaining a legally binding commitment to purchase the property for a set amount constitutes a benefit obtained by the client as a result of the attorney's efforts. We, therefore, determine that the trial court erred in utilizing the $107,000 figure in calculating benefits under the statute. We, therefore, reverse the judgment as to attorney's fees and order the trial court on remand to utilize the $50,000 figure as urged by appellants.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] Counsel for petitioner does not assert on appeal or in the trial court that the "good faith deposit" does not constitute an offer pursuant to § 73.092, Fla.Stat. It is, therefore, unnecessary for us to reach this issue.