655 So.2d 151 (1995)
Nicolas MARTINO, United Plastics, Inc., a Foreign Corporation and United Shoe Association, Inc., a Foreign Corporation, Appellants,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Erick Marino and Alfred Petty, Appellees.
No. 94-1102.
District Court of Appeal of Florida, Third District.
May 3, 1995.
Rehearing Denied June 21, 1995.
Jerome H. Shevin and Jed L. Frankel, Miami, for appellants.
Merritt, Sikes & Wright and Martin E. Leach, Miami, for appellees.
Before BASKIN, LEVY and GODERICH, JJ.
GODERICH, Judge.
The plaintiffs, Nicolas Martino [Martino], United Plastics, Inc. [United Plastics], and United Shoe Association [United Shoe], appeal from an adverse jury verdict and from the denial of their motion for new trial. Metropolitan Dade County [Dade County] cross-appeals from the denial of its motion for directed verdict. We reverse as to the main appeal, but affirm as to the cross-appeal.
*152 The plaintiffs contend that the trial court erred in denying their motion for new trial where defense counsel's inflammatory and prejudicial comments constituted fundamental error. We agree.
The facts in the instant case are simple. Plaintiff Martino is a Haitian businessman, and plaintiffs United Plastics and United Shoe are foreign corporations. They sued Dade County for the negligent hiring, retention, and supervision of a Dade County temporary employee, Erick Marino. As a result of Marino's employment at a declaration counter at Miami International Airport, Marino learned that the plaintiff, Mr. Martino, was entering the country from Haiti with approximately $234,000. Marino, who was involved in a conspiracy to rob passengers carrying large sums of money into the United States, had Mr. Martino robbed at gunpoint.
This case proceeded to trial and during closing argument, Dade County's counsel made several, unobjected to comments. For example, during closing argument, he argued as follows:
So this verdict will ring out through the State of Florida and it will say, hey, Dade County is really vulnerable in these negligent hiring cases and we are going to start now every time an employee steals something, every time an employee assaults somebody, you are going to have a dearth of lawsuits here. This is a signal case and I will tell you right now it was I, me, Mr. Sikes who decided to try this lawsuit based upon my recommendation to Dade County.
In addition, he also argued as follows:
You know, I don't dislike Mr. Martino. He kind of got mad with me when I was talking to me [sic]. I didn't mean to make him mad.
....
I wanted to find out where he got those dollars. Those companies had to be doing a whole lot of business in two months because we went back months before  we went back years before and he was bringing in five, $6,000, $20,000 and then one shipment $336,000. A million dollars. Over a million dollars in two months.
Also, in reference to the plaintiffs' only expert witness, Kenneth Harms, the former Chief of Police of the City of Miami Police Department, Dade County's counsel argued as follows:
That's what Harms needs. Harms needs one of those tall hats that they wear down in the Banana Republic. The guy that has got all the braids. He is the guy who's a dictator because it's Harm's law.
Plaintiffs now argue that these comments and others constituted fundamental error requiring reversal. A contemporaneous objection to improper comments is necessary to preserve error, unless the error is fundamental. Brumage v. Plummer, 502 So.2d 966, 968 (Fla. 3d DCA), review denied, 513 So.2d 1062 (Fla. 1987). Fundamental error occurs if the error extinguishes "a party's right to a fair trial," Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787, 792 (Fla. 1st DCA 1989), or if the argument "was so prejudicial as to be incapable of cure by rebuke or retraction." Borden, Inc. v. Young, 479 So.2d 850, 851 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986). In the instant case, we find that the cumulative effect of these improper and prejudicial comments rises to the level of fundamental error, Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993); Murphy v. Murphy, 622 So.2d 99 (Fla. 2d DCA 1993); Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA), rev. dismissed, 606 So.2d 1164 (Fla. 1992), and that a new trial is warranted.
As to the cross-appeal, we find that the trial court correctly denied Dade County's motion for directed verdict. In light of Kenneth Harms' expert testimony, there was sufficient evidence upon which the jury could find for the plaintiffs, See Ogden v. State, Dep't of Transp., 601 So.2d 1300 (Fla. 3d DCA 1992); Balart v. Michel's Kartway, Inc., 364 So.2d 90 (Fla. 3d DCA 1978), and we, therefore, affirm the denial of Dade County's motion for directed verdict.
Affirmed, in part, and reversed and remanded, in part.