673 So.2d 525 (1996)
Yaakov BRAFMAN and Value Rent-A-Car, Inc., Appellants,
v.
Victor RYBALKA and Carol Rybalka, Appellees.
No. 95-2786.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Rehearing Denied June 5, 1996.
Sparkman, Robb, Nelson & Mason and John W. Reis, Miami, for appellants.
Rosen & Switkes, Miami Beach, Buchbinder & Elegant, P.A., and Ira Elegant, Miami, for appellees.
Before JORGENSON, COPE and GERSTEN, JJ.
PER CURIAM.
Defendants in a personal injury action appeal from an order granting a new trial based upon defense counsel's closing argument. We affirm.
"[T]he appropriate standard for district courts on review of a trial court's motion granting a new trial ... is whether *526 the trial court abused its `broad discretion.' If reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion." Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla.1981). We find no such abuse of discretion in this case. The comments made by defense counsel in his closing argument were so inflammatory and offensive that we decline to repeat them here and memorialize them in the annals of reported decisions; they were "so prejudicial as to be incapable of cure by rebuke or retraction...." Borden, Inc. v. Young, 479 So.2d 850, 851 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla.1986).
Although the transcript is not entirely clear as to whether plaintiff actually asked the trial court to reserve ruling on a motion for mistrial based upon defense counsel's improper closing remarks, the record is replete with plaintiff's objections to the remarks.[1] Those objections were sufficient to support plaintiff's post-trial motion for a new trial. See Martino v. Metropolitan Dade County, 655 So.2d 151, 152 (Fla. 3d DCA 1995) (even in absence of contemporaneous objections to improper remarks in closing argument, cumulative effect of improper and prejudicial comments rises to level of fundamental error); Borden, Inc. v. Young, 479 So.2d at 851 (same).
AFFIRMED.
NOTES
[1] The trial court admonished counsel not to make further contemporaneous objections during closing arguments, and to save them for the end of the arguments.