CAMPBELL, Judge.
Appellant, La Petite, challenges the partial summary judgment entered against it. Ap-pellee, Paul Nassef, through his mother, had filed a negligence action against appellant for injuries that one-year-old Paul suffered when a La Petite teacher accidentally shut his finger in the door. We agree with appellant that genuine issues of material fact exist regarding the teacher’s alleged failure to exercise reasonable care. Accordingly, we reverse.
According to La Petite’s incident report and La Petite’s director’s testimony, Paul came up behind the teacher and placed his finger in the door. When the teacher shut the door without having observed him, the tip of Paul’s finger was amputated. Appel-lees’ negligence action was premised on the teacher’s failure to realize that Paul was behind her, on her failure to look and on the foreseeability of the accident. The trial court concluded that appellees were entitled to summary judgment on the issue of liability as a matter of law because the teacher’s failure to look was a breach of her duty in view of the foreseeability of the accident.
In analyzing this case, we note first that teachers and schools are not insurers of the students’ safety, nor are they strictly liable for injuries to students. Benton v. School Bd. of Broward County, 386 So.2d 831, 834 (Fla. 4th DCA 1980). Where, as here, insufficient supervision is alleged, a teacher’s duty of care is described as reasonable, prudent and ordinary care, or that care that a person of ordinary prudence, charged with those duties, would exercise under the same circumstances. Id. Whether a teacher has breached this duty of care is normally a question of fact for the jury. Benton, 386 So.2d at 835.
It was appellees’ position that adequate supervision would have prevented the accident since the director of the La Petite facility testified in deposition that the accident would not have happened if the teacher had looked. However, the director’s statement alone does not establish inadequate supervision or support a finding that appellees were entitled to summary judgment as a matter of law on the issue of negligence. While it can probably be said that a reasonably prudent person would have looked had he or she been aware of Paul’s presence, there was no indication that the teacher knew Paul was there. Indeed, the director described the accident by saying that Paul came up from behind the teacher. Accordingly, there was at least an inference that she was not aware of Paul’s presence and hence, at least arguably, was not negligent for fail- *183 tog to look. Moreover, there were no allegations that she had ignored the child, had allowed the child to wander from his designated play area or had to any way neglected Paul other than by closing the door on his finger.
Based on the record before the court at the time the summary judgment was issued, we conclude that the court erred. There is a genuine issue of material fact concerning the adequacy of the teacher’s supervision. In addition, this record does not show that ap-pellee was entitled to summary judgment as a matter of law. The fact that an injury occurs in the presence of a teacher, without some evidence of wrongdoing, does not establish negligent supervision. Teachers and schools are not insurers of their students’ safety.
Accordingly, we reverse.
DANAHY, A.C.J., and SCHOONOVER, J., concur.