710 So.2d 20 (1998)
METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Nicholas MARTINO, United Plastics, Inc., a foreign corporation, and United Shoe Association, a foreign corporation, Appellees.
No. 97-732.
District Court of Appeal of Florida, Third District.
March 11, 1998.
Rehearing Denied June 10, 1998.
Merritt & Sikes and Martin E. Leach, Miami, for appellant.
Jerome H. Shevin and Joel L. Frankel, Miami, for appellees.
Before GODERICH, GREEN and SORONDO, JJ.
SORONDO, Judge.
Metropolitan Dade County (MDC) appeals the lower court's Amended Final Judgment on a jury verdict rendered in favor of Nicholas Martino (Martino), United Plastics, Inc., and United Shoe Association, and entered upon the lower court's denial of MDC's motion for directed verdict and motion for new trial. MDC contends that the trial court should have granted its motion for directed verdict on the negligent hiring and supervision claims.
On December 29, 1989, Martino was robbed at gun-point upon arriving at his Miami home in a taxi cab from Miami International Airport. Martino, a Haitian national, had arrived in Miami on a flight from Haiti. He was carrying $234,100.00 in cash and checks, approximately half of which belonged to United Plastics, Inc. and the other half to United Shoe Association, two corporations of which Martino is a principal stockholder.
After the robbers took the money and fled, Martino called the police and reported the *21 armed robbery. He told the police that someone at the airport was responsible because no one else knew that he was carrying such a large amount of money. When Martino entered the country, he went through customs and filled out a form declaring that he was carrying the money. Assisting him in filling out the customs form was Dade County employee Defendant Erick Marino (Marino), who was employed as a temporary Terminal Operations Specialist assigned to customs. Upon learning that Martino was carrying the money, Marino excused himself, claiming a family emergency, went to a telephone and called another Dade County employee, Alfred Petit, who arranged for Martino to be followed home and robbed. Marino pled guilty to armed robbery and was sentenced to three and a half years in prison.
On behalf of the corporations and himself, Martino sued MDC for negligent hiring and retention, alleging that MDC was negligent in hiring and retaining Marino for the job of temporary Terminal Operations Specialist because Marino had been arrested twice, in 1984 for the alleged theft of a car and in 1989 for cocaine possession. The 1984 car theft charge was dismissed because it appeared that Marino had actually paid for the car. Adjudication was withheld on the 1989 cocaine possession charge.
Martino's case against MDC was initially tried before the lower court in March of 1994. That trial resulted in a defense verdict, which was appealed to this Court. In that appeal, Martino argued that MDC's counsel made prejudicial remarks during cross-examination and closing argument which amounted to fundamental error. This Court agreed and reversed. See Martino v. Metropolitan Dade County, 655 So.2d 151 (Fla. 3d DCA 1995). In that same appeal, MDC filed a cross-appeal, contending that it was entitled to a directed verdict based upon the evidence presented to the jury. This Court affirmed as to the cross-appeal, concluding that in "light of Kenneth Harms' expert testimony, there was sufficient evidence upon which the jury could find for the plaintiffs." Id. at 152.
The case then returned to the trial court for re-trial. Martino retained Robert T. Lacey as his expert in place of Kenneth Harms. The trial court directed a verdict in MDC's favor on plaintiffs' claim of negligent retention. Over MDC's objection, the case was submitted to the jury on two theories of liability: negligent hiring and negligent supervision.[1] The jury returned a verdict in plaintiffs' favor. MDC filed motions for judgment in accordance with a prior motion for directed verdict or, in the alternative, for new trial. The lower court denied those motions, and this appeal followed.
We believe the dispositive issue on appeal is whether MDC was entitled to a directed verdict on plaintiffs' claims for negligent hiring and/or supervision. MDC contends that it was entitled to a directed verdict on these claims because plaintiffs failed to present evidence at trial from which a reasonable jury could find in their favor. Plaintiffs contend that the jury's verdict as embodied in the amended final judgment must be affirmed because the law of the case controls, and that based on this Court's denial of MDC's previous cross-appeal, MDC may not argue now that the trial court erred in submitting the negligent hiring and supervision counts to the jury.
We agree with MDC that the trial court should have granted its motion for directed verdict on plaintiffs' claims for negligent hiring and/or supervision. Because MDC could not legally obtain from Marino information concerning arrest records not resulting in convictions, we find that its failure to do so cannot be considered negligence. Furthermore, the doctrine of "law of the case" does not apply because expert witness Harms' crucial testimony, relied upon by this Court in the first appeal, was absent in the second trial. In its place was expert witness Lacey's testimony, which differed significantly from Harms' testimony.
As MDC correctly contends, its entitlement to a reversal is not undermined by the "law of the case" doctrine. The doctrine of law of the case is a principle of law adhered *22 to by courts in order to lend stability to judicial decisions, to avoid piecemeal appeals and to bring litigation to an end as expeditiously as possible. See Strazzulla v. Hendrick, 177 So.2d 1, 3 (Fla.1965). According to Myers v. Atlantic Coast Line Railroad Co., 112 So.2d 263 (Fla.1959), the general rule is that when a reviewing court passes upon a question and remands the cause for further proceedings, questions there settled become law of the case upon a subsequent appeal, provided the same facts and issues which were determined in the previous appeal are involved in the subsequent appeal. Id. at 266 n. 4. See also Walker v. Atlantic Coastline R.R. Co., 121 So.2d 713, 715 (Fla. 1st DCA 1960)(whatever is once established between the same parties in the same case continues to be the law of the case as long as the facts on which such decision was predicated continue to be the facts in the case).
The doctrine of law of the case is inapplicable if there is even an arguable change in the substantive evidence presented. See Wallace v. P.L. Dodge Mem'l Hosp., 399 So.2d 114, 116 (Fla. 3d DCA 1981); see also Feigen v. Sokolsky, 65 So.2d 769, 771 (Fla.1953) ("The facts or evidence upon which the first opinion in this case was predicated are not the same on this appeal. There can be no `law of the case' which is controlling when the facts are different at the two trials, as they are in this case"). Thus, the doctrine is inapplicable here because Lacey's testimony was significantly different from Harms' testimony.
In the first appeal, this Court reversed the granting of a directed verdict on this issue. The sole evidence relied upon by the panel was Harms' testimony. His testimony focused upon the importance of an arrest record. He claimed that employers should ask about arrest records without conviction and that the answers to such questions are crucial in making a hiring decision.
In contrast, in the second trial there was a substantial change in the evidence based upon Lacey's testimony that arrests without conviction could not be the basis for making a hiring decision. Lacey testified that Marino's arrest record could not be the basis for making a hiring decision and admitted that it would be a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (1994), as interpreted by the Equal Employment Opportunity Commission, for MDC to inquire of prospective applicants about arrests not resulting in convictions. He further stated that it would be illegal to consider such arrests in making hiring decisions. Lacey also testified, contrary to Harms' opinion, that it would be improper to request arrest information directly from an applicant.
The only evidence presented to the jury on MDC's alleged negligence was the two previous arrests that Marino had, which were the only thing in Marino's past that could possibly justify not hiring him. Lacey agreed that the arrests "would be the only thing for them to surface, for them to be cognizant of." Whether MDC should have known about these two arrests and used them in making a hiring decision and whether an appropriate background investigation would have revealed them is therefore critical to the case. Because Harms and Lacey disagreed about whether arrests could be used in hiring and disagreed about whether employers could ask applicants about arrests, there was more than an arguable change in the evidence within the meaning of P.L. Dodge Memorial and Feigen. These changes in the evidence render the doctrine of law of the case inapplicable under these facts.
Because the evidence presented at trial was insufficient as a matter of law to prove that MDC was negligent, we conclude that the trial court erred in submitting the case to the jury and not granting MDC's motion for directed verdict.
Reversed and remanded with instructions to enter a final judgment in favor of MDC.
NOTES
[1] Although there was no count for negligent supervision in the amended complaint, the trial court instructed the jury on negligent hiring and supervision.