LAGOA, Judge.
Appellants Michael L. Weatherly (“Weatherly”) and Carla Weatherly appeal from an adverse final judgment and from an order denying their motion for a new trial. On appeal, the Weatherlys argue that the verdict was against the manifest weight of the evidence. Because we conclude that the evidence adduced at trial was conflicting, we find that the trial court did not abuse its discretion in denying the motion, and affirm the adverse final judgment.
I. FACTUAL AND PROCEDURAL HISTORY
On November 19, 2003, a motorcycle driven by Weatherly, and an SUV driven by appellee, Joseph Louis (“Louis”), collided on Krome Avenue in Homestead, Florida. Weatherly sued Louis and the owner of the vehicle, Jeanne Durellan (“Durel-lan”). Following a trial, the jury returned *805 a verdict finding that Louis was not negligent.
At trial, Weatherly testified that, just before the accident, he was travelling on the left-hand side of the southbound lane of Krome Avenue when he saw Louis’s SUV exiting a parking lot and making a left-hand turn across Krome’s southbound lane onto the northbound lane. Weatherly testified that he flashed his headlights and honked his horn at Louis but ran into the left side of Louis’s SUV.
Louis testified that he pulled out of the parking lot to turn left and that when he was in the middle of the street, he heard a boom when Weatherly’s motorcycle hit his SUV. Louis further testified that prior to pulling out into the street, he looked left and no vehicles were approaching. Moreover, Louis testified that the light was red when he pulled out into the street. Weatherly testified that he did not run any red lights while driving home on the day of the accident.
A disinterested witness, Randy Fitzsim-mons, testified that, before the accident, Weatherly passed him on the left and that he then saw Weatherly run two red lights. As a result of what he observed of Weath-erly’s driving, Fitzsimmons testified that he thought Weatherly was going to “kill himself.” Fitzsimmons further testified that, while he did not see the impact, he came upon the accident just after it happened.
The jury returned a verdict finding that Louis was not negligent and was not the legal cause of damages to Weatherly. Weatherly filed a motion to set aside the verdict or, in the alternative, for a new trial, arguing that the verdict was against the manifest weight of the evidence. The trial court denied the motion and entered a final judgment in favor of Louis and Durel-lan. This appeal ensued.
II. STANDARD OF REVIEW
We review a trial court’s denial of a motion for a new trial for abuse of discretion. Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). In Brown, the Supreme Court articulated the following test for determining whether the trial court abused its discretion:
[A]n appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion.
Id. at 497-98.
Accordingly, “[t]he question for an appellate court is not whether or not the [verdict] was contrary to the manifest weight of the evidence presented below. ... Rather, the appellate court is limited to considering whether or not the trial court abused its discretion in denying a new trial. In order for [the appellate court] to reach that conclusion, the evidence must be clear and obvious, and not conflicting....” Dewitt v. Maruhachi Ceramics of Am., Inc., 770 So.2d 709, 711 (Fla. 5th DCA 2000).
III. ANALYSIS
On appeal, Weatherly argues that the trial court abused its discretion in denying the motion for a new trial. Weath-erly contends that the verdict was against the manifest weight of the evidence, and the trial court, therefore, failed to apply the correct legal standard in denying his motion for a new trial.
Because a review of the record establishes that there was conflicting evi *806 dence presented at trial, we cannot conclude that the trial court abused its discretion. See Dewitt, 770 So.2d at 711 (finding that “evidence must be clear and obvious, and not conflicting” in order for appellate court to determine that trial court abused its discretion in denying a new trial). Indeed, when, as here, the evidence is in conflict, the weight to be given that evidence is within the province of the jury. See K-Mart Corp. v. Collins, 707 So.2d 753, 755 (Fla. 2d DCA 1998). “Reversal of a jury verdict is appropriate only in the absence of conflicting evidence, when there is no rational basis in the evidence to support the verdict.” Rosario-Paredes v. J.C. Wrecker Serv., 975 So.2d 1205, 1207 (Fla. 5th DCA) review denied, 990 So.2d 1059 (Fla.2008). Here, Weatherly’s testimony that he did not run any red lights while driving home on the day of the accident was contradicted by a disinterested witness who testified otherwise. Moreover, Louis testified that prior to pulling out into the street from the parking lot, he looked left and no vehicles were approaching. Louis also testified that the light was red when he pulled out into the street.
Notwithstanding the conflicting evidence present in this case, the dissent contends that the trial court abused its discretion because the trial court failed to articulate specifically, either orally or in its written order, that the jury’s finding was not “contrary to the manifest weight of the evidence.” We respectfully disagree. First, there is nothing in the record that remotely suggests that the trial court misunderstood the test applied to a motion for new trial. Not only is the trial judge an experienced jurist, but Weatherly’s own motion below articulated the standard he asked the trial court to apply.[1] Weatherly merely disagrees with the outcome of the trial court’s ruling.
Second, there are no magic words a trial court must recite in denying or granting a motion for a new trial. Indeed, such a requirement would elevate form over substance.
Finally, much of the dissent focuses on the fact that part of Louis’s SUV was still in the southbound lane of Krome when Weatherly hit the SUV. The dissent implies that this must be an indicia of some measure of negligence on Louis’s part. Respectfully, the dissent ignores the conflicting evidence from both Louis and Fitz-simmons. It is not for this Court to decide which side’s evidence is more persuasive or whether the trial court reached the result this Court would have reached. Our role is limited to determining whether conflicting evidence was presented at trial — if so, we cannot find an abuse of discretion. Because the evidence was not clear and obvi *807 ous but was, in fact, conflicting, we are compelled to affirm the final judgment.
Affirmed.
RAMIREZ, J., concurs.

. Indeed, at the hearing before the trial court, the plaintiffs made the following arguments:
this verdict finding no negligence on the part of the defendant is against the manifest weight of the evidence.
[[Image here]]
The grant of authority to a trial judge to order a new trial when the court concludes that a verdict is contrary to the manifest weight of the evidence simply constitutes a judicial policy decision.
[[Image here]]
The court has the discretion here, even if what counsel argues is true that there is some evidence to say on the facts here the court cannot rationalize or reconcile he was in the plaintiff’s lane of traffic, he did not yield, this verdict with a finding of one hundred percent negligence on the part of the plaintiff, .... given the undisputed testimony that he was impeding, we are not asking for a directed verdict. We are saying there should be a new trial on manifest weight of the evidence.