EMAS, J.
Appellants/Plaintiffs, Melanie and David Lawrence, co-personal representatives of the estate of Dorvil Lawrence, file this appeal following a jury verdict, and final judgment, in favor of Appellee/Defendant Beaulieu Group, and the trial court’s order denying plaintiffs’ motion for new trial. Plaintiffs raise numerous claims, including pretrial rulings on motions in limine, evi-dentiary rulings during trial, improper closing argument, and an assertion that a new trial should have been granted because the verdict was contrary to the manifest weight of the evidence.
Having reviewed the entire record below, we conclude that the trial court did not abuse its discretion in its pretrial rulings on the motions in limine and in its evidentiary rulings during trial. See Jimenez v. Gulf & W. Mfg. Co., 458 So.2d 58 (Fla. 3d DCA 1984).
Further, Plaintiffs failed to object at trial to those portions of the closing argument they now assert were improper, and failed to raise this claim in their motion for new trial. Even if we were to conclude these comments were improper, they do not, individually or cumulatively, rise to the level of fundamental error, rendering this claim without merit. See Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010 (Fla.2000).
Finally, the trial court determined that the verdict was not contrary to the weight of the evidence, and upon our review we conclude that the trial court did not abuse its discretion in so finding. Weatherly v. Louis, 31 So.3d 803 (Fla. 3d DCA 2009). In order to determine that a trial court abused its discretion in denying a motion for new trial, the evidence must be clear and obvious, and not conflicting. Id. at 805 (citing Dewitt v. Maruhachi Ceramics of Am., Inc., 770 So.2d 709, 711 (Fla. 5th DCA 2000)). Here, the case was vigorously contested and the evidence presented was in conflict. Weighing the evidence and resolving those conflicts is within the province of the jury. There was a rational basis in the evidence to support the jury’s determination that there was no negligence on the part of Beaulieu Group which was a legal cause of the death of Dorvil Lawrence. Therefore the trial court did not abuse its discretion in denying Plaintiffs’ motion for new trial.
Affirmed.