# Third District Court of Appeal

## State of Florida

Opinion filed November 08, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2266
Lower Tribunal No. 12-4944
_____

**Miami-Dade County,**
Appellant,

vs.

**Wanda Jones,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola and Bronwyn C. Miller, Judges.

Abigail Price-Williams, Miami-Dade County Attorney, and Altanese Phenelus, Assistant County Attorney, for appellant.

Lawrence J. Bohannon, P.A., and Keith E. Hope (Fort Lauderdale), for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SALTER, JJ.

ROTHENBERG, C.J.

Miami-Dade County ("the County") appeals an adverse final judgment and an order denying the County's motion for a directed verdict, a judgment notwithstanding the verdict, and a new trial ("post-trial motion") entered after a jury verdict finding the County negligent for allowing a grease spill to remain on a County-owned sidewalk, which Wanda Jones ("Jones") alleged caused her to slip and fall. For the following reasons, we find that the trial court erred by denying the County's post-trial motion because Jones failed to introduce evidence from which the jury could infer that the County had notice of the dangerous condition that caused Jones to slip and fall. We also find that the trial court erred by permitting Jones to introduce irrelevant and prejudicial County ordinances.

## BACKGROUND

Jones slipped and fell on a greasy sidewalk owned by the County while visiting a barbeque stand located on private property that was operated by V-II Sports Club, Inc. ("the Sports Club"). Jones contended that a faulty grease disposal system underneath the barbeque stand caused grease to spill out onto the sidewalk. Jones suffered injuries from her fall and sued the County and the Sports Club. In her operative complaint, Jones alleged that the Sports Club was responsible for creating the dangerous condition on the sidewalk, and she alleged that the County negligently maintained the sidewalk by allowing the dangerous condition to remain on the sidewalk.

2

After a trial, the jury found the Sports Club 50% liable, the County 50% liable, and Jones 0% liable. Thereafter, the County filed its motion for a directed verdict, judgment notwithstanding the verdict, and a new trial. The County argued, in relevant part, that there was no evidence that the County had notice of the dangerous condition on the sidewalk and that the trial court erred by permitting Jones to introduce County ordinances and other irrelevant and prejudicial evidence in an attempt to prove that the County had notice. After the trial court denied the County's post-trial motions, the County appealed.

## ANALYSIS

We review the trial court's denial of a motion for a directed verdict and a motion for judgment notwithstanding the verdict de novo. Marriott Int'l, Inc. v. Am. Bridge Bahamas, Ltd., 193 So. 3d 902, 905 (Fla. 3d DCA 2015). The trial court's evidentiary rulings and denial of a motion for a new trial are reviewed for an abuse of discretion. Weatherly v. Louis, 31 So. 3d 803, 805 (Fla. 3d DCA 2009); Padilla v. Buell, 797 So. 2d 609 (Fla. 3d DCA 2001).

We begin with the general principle in premises liability cases that "[a]ll premises owners owe a duty to their invitees to exercise reasonable care to maintain their premises in a safe condition." Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 320 (Fla. 2001). "In order for a plaintiff to recover for injuries received in a slip and fall, the plaintiff must show that the defendant responsible

3

for the premises had actual or constructive notice of the dangerous condition." Wilson-Greene v. City of Miami, 208 So. 3d 1271, 1274 (Fla. 3d DCA 2017) (quoting Maryland Maint. Serv., Inc. v. Palmieri, 559 So. 2d 74, 76 (Fla. 3d DCA 1990)); see also Encarnacion v. Lifemark Hosps. of Fla., 211 So. 3d 275, 278 (Fla. 3d DCA 2017). Constructive knowledge of a dangerous condition "may be inferred from either: (1) the amount of time a substance has been on the floor; or (2) the fact that the condition occurred with such frequency that the owner should have known of its existence." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011).

In the instant case, Jones concedes that the County did not cause the grease to spill onto its sidewalk and that the County did not have actual knowledge of the grease on the sidewalk. We also find no evidence in the record indicating how long the grease was present on the sidewalk on the day that Jones fell. To the contrary, Jones testified at trial that she did not know how long the grease had been on the ground that day, but that it appeared "fresh." Thus, the County's appeal reduces down to a very specific question: whether Jones presented evidence at trial to support her allegation that the grease was present on the sidewalk with such frequency that the County should have known about it.

Jones relies heavily upon photographs of a discoloration on the sidewalk next to the barbeque stand in order to prove that the County had constructive notice

4

of a frequently occurring dangerous grease spill. However, even when we consider the evidence in the light most favorable to Jones, we cannot find any record evidence or testimony regarding what caused the discoloration on the sidewalk, whether there were grease spills on that area of the sidewalk in the past, and whether anyone had identified a grease spill on the sidewalk at any point before Jones fell. As a matter of fact, Jones testified that she did not know what caused the discoloration in the sidewalk, and no evidence was presented indicating that anyone had ever complained about or noticed a grease spill on the sidewalk before. Simply put, Jones failed to present any evidence that a grease spill occurred on the discolored sidewalk even once before Jones's fall, let alone with such frequency that the County should have known about it.

The remainder of the evidence that Jones points to in order to show that the County had constructive notice does not actually tend to show that the County should have had notice of the grease spill. For example, Jones introduced evidence that County inspectors and employees were present in the area numerous times over a course of years. However, Jones did not introduce any evidence to suggest that there was grease on the sidewalk during any of these inspections which could have put the County on notice that the grease collection system employed by the Sports Club was insufficient. There was also no evidence introduced that suggested that the inspections were conducted in response to a call relating to a

grease spill or that anyone had ever reported or otherwise witnessed a grease spill in the area prior to Jones's fall.  Accordingly, the trial court should have granted the County's post-trial motion and entered a judgment in favor of the County.

Although our finding that Jones failed to introduce any evidence as to the County's constructive notice of the grease spill is dispositive, we additionally find that the introduction, over objection, of County ordinances, relating to inspections and permits for public food establishments, as evidence tending to show that the County had constructive notice of the grease spill was error.  The mere fact that an ordinance may cover the subject of inspecting food establishments does not imply that the County had constructive notice of a dangerous condition created by a food establishment. In fact, the ordinances would **only** be relevant in this case if they were introduced to show that the County should have but failed to comply with its duty to inspect the barbeque stand. However, the County has sovereign immunity from liability for enforcing or failing to enforce its laws. See Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 922 (Fla. 1985) ("Governments must be able to enact and enforce laws without creating new duties of care and corresponding tort liabilities that would, in effect, make the governments and their taxpayers virtual insurers of the activities regulated.").

The trial court's limiting instruction did not limit, and in fact exacerbated the unfair prejudice and confusion caused by the introduction of the County

6

ordinances. The trial court specifically told the jury that it could use the ordinance for the purpose of determining whether the County had notice of the grease spill (even though the ordinances are not relevant for this purpose) and told the jury that it could not use the ordinances to establish that the County was liable for failing to enforce its ordinances (even though that is the only way to make the ordinances pertinent).[1]

Lastly, we also conclude that it was error to allow Jones to testify that the barbeque stand was owned and operated, in part, by off-duty County bus drivers. Such testimony was irrelevant, as the County was not sued for the actions of its off-duty bus drivers who clearly were not acting within the scope of their employment. The testimony unfairly prejudiced the jury because it allowed the jury to infer that the County was or should have been put on notice by these off-duty employees that there existed a dangerous condition on a County-owned sidewalk. Worse still, the jury might have concluded that the County should be held liable for the negligence of its off-duty employees—a theory that was neither pled nor argued, and which counsel for Jones admits would have been improper.

## CONCLUSION

---

[1] The existence of unfair prejudice and confusion is not hypothetical because the record demonstrates that the questions the jury asked during deliberations related to permitting and zoning.

7

In summary, we find that Jones failed to introduce any evidence to show that the County had constructive notice of the grease spill that caused Jones to slip and fall, and therefore, the trial court erred by denying the County's post-trial motion. We also find that the trial court abused its discretion by permitting Jones to introduce irrelevant and prejudicial County ordinances and by permitting Jones to testify that the barbeque stand owners and operators were also off-duty County employees. If the only errors below were the improperly introduced evidences, we would have remanded this case to the trial court for a new trial. However, because Jones also failed to introduce any evidence to support a finding that the County had constructive notice of the dangerous condition, we reverse the final judgment and the trial court's order denying the County's post-trial motion and remand for the entry of a judgment in favor of the County.

Reversed and remanded.