# Third District Court of Appeal

## State of Florida

Opinion filed September 8, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-640
Lower Tribunal No. 13-25846

_____


**Tasha Marie Santos Alvarez, etc.,**
Appellant,

vs.

**Miriam Acosta, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.


Law Offices of Oscar Syger, P.A., and Oscar Syger (Boca Raton), for appellant.

Boyd & Jenerette, P.A., and Kansas R. Gooden and Allison C. Heim (Orlando), for appellee Miriam Acosta.


Before EMAS, SCALES and LOBREE, JJ.

PER CURIAM.

We affirm the trial court's order denying appellant Tasha Marie Santos Alvarez's motion for a new trial. The jury was presented with conflicting evidence as to whether appellee Miriam Acosta, the driver of a car that collided with a motorcycle, caused the fatal crash. This conflicting evidence included certain admissions made by Acosta in her deposition that was read to the jury at trial. Notwithstanding that evidence, the jury returned a verdict for Acosta, finding that she was not the cause of the accident. Alvarez argues that the jury was "bound" by Acosta's admissions and that the jury's verdict for Acosta was contrary to the evidence.

We review an order denying a motion for new trial for abuse of discretion. Weatherly v. Louis, 31 So. 3d 803, 805 (Fla. 3d DCA 2009). We cannot reweigh the evidence or determine that the verdict was against the manifest weight of the evidence. Graham Cos. v. Amado, 305 So. 3d 572, 578 (Fla. 3d DCA 2020). A trial court does not abuse its discretion by denying a new trial motion if there was conflicting evidence presented at trial and the jury's verdict was the product of its weighing that evidence to resolve the conflicts. Weatherly, 31 So. 3d at 805-06; Rosario-Paredes v. J.C. Wrecker Serv., 975 So. 2d 1205, 1207 (Fla. 5th DCA 2008) ("We conclude that the trial judge did not abuse his discretion in denying the motion for new trial. When the evidence is in conflict, as it was in this case, it is the function of

2

the jury to weigh the evidence and resolve those conflicts. . . . Reversal of a jury verdict is appropriate only in the absence of conflicting evidence, when there is no rational basis in the evidence to support the verdict.").

Affirmed.