# Third District Court of Appeal
## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1769
Lower Tribunal No. 17-3719
_____

**Miami-Dade County**,
Appellant,

vs.

**Anny K. Berastain, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Korissa Lepore, Assistant County Attorney, for appellant.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

Appellant, Miami-Dade County ("the County"), appeals a final judgment following a jury verdict in favor of plaintiffs below, Anny K. Berastain ("Ms. Berastain") and her daughter, Natalie A. Berastain ("Natalie"). The County also appeals the trial court orders denying the County's motions for directed verdict, new trial, and remittitur in this negligence action filed by Ms. Berastain and Natalie, following injuries suffered by Natalie while she was in the care of the County's after-school program.

According to the allegations of the operative complaint, on May 13, 2015, Natalie (who was seven years old at the time) was injured as a result of the County's negligent supervision of the children, who were "engaged in disorderly and dangerous practice." The County denied that it breached any duty to Natalie or that any such breach caused her injuries.

Several witnesses testified at the three-day trial, including Natalie, Ms. Berastain, and the County employee who was supervising Natalie on the day of the incident, Monique Perez. Ultimately, the jury determined the County was 95% negligent, and that Natalie was 5% negligent. It awarded damages of $3,954.84 for past medical expenses, and $105,000 for Natalie's past pain and suffering.

The County argues on appeal, as it did below, that Ms. Berastain failed to present any evidence of breach of duty or causation at trial and that the

2

verdict was against the manifest weight of evidence because Natalie's testimony was not credible. In addition, the County argues that the jury's verdict is excessive and against the manifest weight of the evidence because the pain and suffering award is shocking to the conscience and unsupported by the evidence. Upon our review of the record on appeal, including the transcript of the trial, we conclude there was competent substantial evidence to support the jury's verdict, and affirm.

As is well established, when we undertake review of an order on a motion for directed verdict, we employ a de novo standard of review; importantly, however, we "must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor, and 'if there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution.'" Miami-Dade Cty. v. Guyton, 48 Fla. L. Weekly D1500 at *1 (Fla. 3d DCA Aug. 2, 2023) (quoting Miami-Dade Cty. v. Eghbal, 54 So. 3d 525, 526 (Fla. 3d DCA 2011)). Additionally, if the evidence submitted at trial, viewed in the light most favorable to Natalie, supports the jury's verdict, we must affirm. Id.

Despite the County's contention that there was no evidence to support the jury's finding of breach and causation, there was, in fact, direct evidence that the employee supervising the children on the day of the incident wasn't paying attention to Natalie when she ran into a wall and injured herself. Although Natalie was a child when the incident occurred (seven years old) and when she testified at trial (fourteen years old), she testified clearly that she and the other children were not properly supervised that day and that the children were allowed to run around indoors. She testified there were two supervisors for the after-school program—Monique Perez and Ivan De Armas. She could not recall whether Perez or De Armas was present on the day of the accident (Perez acknowledged during her testimony she was the one present at the time), but that in either event the person was not supervising or paying attention to her and the other children and that, as a result, she ran and fell and broke her arm. The fact that the County introduced conflicting testimony does not negate Natalie's testimony, because it was up to the jury to make credibility determinations on the conflicting testimony. Compare School Bd. of Miami-Dade Cty. v. Martinez-Oller, 167 So. 3d 451 (Fla. 3d DCA 2015) (no evidence of negligent supervision), Benton v. School Bd. of Broward Cty., 386 So. 2d 831, 833-34 (Fla. 4th DCA 1980) and Rodriguez v. Discovery Years, Inc., 745 So. 2d

4

1148 (Fla. 3d DCA 1999) (where there was *no* evidence the children engaged in dangerous activities in the teacher's presence) with Miami-Dade Cty. School Bd. v. A.N., Sr., 905 So. 2d 203 (Fla. 3d DCA 2005) (distinguishing Benton and Rodriguez where there was evidence from which the jury could conclude the school board was negligent). Although teachers or supervisors may not be held strictly liable for injuries to children in their care, they are held to the standard of care of a person of ordinary prudence, charged with those duties, would exercise under the same circumstances. Benton, 386 So. 2d at 834.

Where there is a question of fact as to whether a person has breached the duty of care that a person of ordinary prudence would exercise in the same circumstances, it should be submitted to the jury. O'Campo v. School Bd. of Dade Cty., 589 So. 2d 323 (Fla. 3d DCA 1991); La Petite Acad., Inc. v. Nassef by and through Knippel, 674 So. 2d 181 (Fla. 2d DCA 1996).

Accordingly, because there was evidence that Perez was not paying attention to the children when Natalie got up and ran with her friend, something that was against the rules, resulting in her falling into a wall and breaking her arm, there was at least a reasonable inference from which the jury could conclude that Perez was negligent and that this negligence was the legal cause of injury to Natalie.

5

As for whether the County's contention that the trial court should nonetheless have granted a new trial, we review such a determination for an abuse of discretion and can reverse the court's denial of the motion only if the verdict was against the manifest weight of the evidence. Brown v. Estate of Stuckey, 749 So. 2d 490 (Fla. 1999). In such a scenario, the evidence supporting such a proposition '"must be clear and obvious, and not conflicting. . . ."' Weatherly v. Louis, 31 So. 3d 803, 805 (Fla. 3d DCA 2009) (quoting Dewitt v. Maruhachi Ceramics of Am., Inc., 770 So. 2d 709, 711 (Fla. 5th DCA 2000)).

In Weatherly this court said:

> Because a review of the record establishes that there was conflicting evidence presented at trial, we cannot conclude that the trial court abused its discretion [in denying a motion for new trial]. . . . Indeed, when, as here, the evidence is in conflict, the weight to be given that evidence is within the province of the jury. "Reversal of a jury verdict is appropriate only in the absence of conflicting evidence, where there is no rational basis in the evidence to support the verdict."

Id. at 805-06 (quoting Rosario-Paredes v. J.C. Wrecker Serv., 975 So. 2d 1205, 1207 (Fla. 5th DCA 2008)) (additional internal citation omitted).

Finally, we find no abuse of discretion in the trial court's denial of the County's motion for remittitur based upon the jury's award of $105,000 for pain and suffering. See Odom v. R.J. Reynolds Tobacco Co., 254 So. 3d 268 (Fla. 2018). The County contends that Natalie's injury was to her

6

nondominant arm and that she suffered mostly a "ruined summer seven years ago when she was seven years old." It compares the jury award to the median income in Miami-Dade County and asserts that because the amount was twenty-six times what she was awarded for compensatory damages, it "could only be driven by passion and sympathy for a child who had a less-than-ideal summer, but did not experience significant suffering." But the County's argument ignores the ample testimony from Natalie and her mother regarding, for example: the intensity of the pain she suffered over a period of many months; the fact that Natalie's arm was cast three times, and required surgery because she broke the radius and ulna bones in her arm; that Natalie had a "wire with the metal thing" sticking out of her arm, and has suffered bad memories from the surgery because her hand was swollen and bleeding, and it was a scary time; Natalie has scarring from the pins that were inserted into her arm; and that Natalie testified that it took about a year before she could begin to engage in activities she used to do, and that "[t]o this day, I'm still nervous to do a slight movement that could like easily break the bone again."

Additional examples are available, but unnecessary. Simply stated, the record evidences a proper basis for the jury's award. Moreover, the Florida Supreme Court has made it clear that the jury is in the best position

7

to make this assessment, which "is not one of mathematical calculation but involves an exercise of their sound judgment of what is fair and right" under the circumstances. Id. at 275 (quoting Braddock v. Seaboard Air Line R.R. Co., 80 So. 2d 662, 668 (Fla. 1955)). The Odom court emphasized:

> Because assessing the amount of damages is within the province of the jury, this Court has made clear that when reviewing a motion for remittitur, a court "should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed." Bould v. Touchette, 349 So. 2d 1181, 1184 (Fla. 1977). And when a trial judge refuses to grant a remittitur, "[t]he correctness of the jury's verdict is strengthened." Lassitter, 349 So. 2d at 627. As this Court explained in Lassitter:
>
>> Two factors unite to favor a very restricted review of an order denying a motion for new trial on ground of excessive verdict. *The first of these is the deference due the trial judge, who has had the opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record.* The second factor is the deference properly given to the jury's determination of such matters of fact as the weight of the evidence and the quantum of damages.
>>
>> The appellate court should not disturb a verdict as excessive, where the trial court refused to disturb the amount, unless the verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.
>
> Odom, 254 So. 3d at 277 (emphasis added).

8

In light of the testimony at trial, the proper deference accorded to both the jury (in making its determination) and the trial court (in reviewing that determination and in denying remittitur), and because we cannot say "the verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate," id., we must affirm the order denying remittitur on the award of noneconomic damages in this case.

Based upon the foregoing, we affirm the final judgment as well as the trial court's orders denying the County's motion for directed verdict, new trial, and remittitur.[1]

Affirmed.

---

[1] We find no merit in any of the remaining issues raised on appeal.